where they were set. . It is simply incredible that Dan could have set these jackscrews in their place under the wall alone, and without assistance. The only inference from the evidence would seem to be that Dan was making the change, not under the directions of the defendant, but under those of Batten, the foreman, and for this act the defendant is .not liable. Wyllie v. Palmer, 137 N. Y. 248, 33 N. E. 381, 19 L. R. A. 285; Higgins v. Telegraph Co., 156 N.. Y. 75, 50 N. E. 500. Under these circumstances I think the nonsuit. was properly granted, and that the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.

---

### In re ROWLAND et al.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

1. ATTORNEY'S LIEN—SERVICE IN SURROGATE'S COURT.
　　Under Code Civ. Proc. § 66, as amended by Laws 1899, c. 61, providing "that an attorney shall have a lien on his client's cause of action, claim, or counterclaim, which attaches to a verdict, report, decision, judgment, or final order in his client's favor, and the proceeds thereof," an attorney is entitled to a lien for services rendered in proceedings in the surrogate's court.

2. SAME—SERVICE TO EXECUTORS—LIEN OF MONEY OF ESTATE.
　　Code Civ. Proc. § 66, as amended by Laws 1899, c. 61, provides that an attorney shall have a lien on his client's cause of action, claim, or counterclaim, which attaches to a verdict, report, decision, judgment, or final order in his client's favor, and the proceeds thereof. Held, that an attorney has no lien on the money of an estate deposited in a bank in the name of the testator, for a claim allowed the attorney by the surrogate's court for legal services rendered testator's executors.

3. SAME—ORDER TO DEPOSIT MONEY IN BANK—RIGHTS OF ATTORNEY.
　　Where an attorney retained money in his hands, which had been deposited in a bank in testator's name, to secure payment for legal services rendered testator's executors, an order of the surrogate's court requiring him to deposit the money in a bank to the credit of the executors was not prejudicial to the rights of the attorney.

4. SAME—SURROGATE'S COURT—AUTHORITY.
　　Code Civ. Proc. § 66, gives an attorney a lien on his client's cause of action and the proceeds thereof, and Laws 1899, c. 61, authorizes the court, on petition of the client or attorney, to determine and enforce such lien. Held that, where an attorney had retained the money of an estate for services rendered the executors, the surrogate's court, as ancillary to its power to determine the lien, had authority to enter an order requiring the attorney to deposit such money in a bank to the credit of the executors until final determination of his right to a lien.

Appeal from surrogate's court, Kings county.

In the matter of the judicial settlement of the account of Sidney L. Rowland and Robert P. Everett, as executors of Thomas R. Everett, deceased. From an order of the surrogate directing Robert J. Shadbolt to redeposit money in the bank, belonging to the estate, he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Joseph A. Burr, for appellant.
Francis S. Williams, for respondent.

HIRSCHBERG, J.  The appellant acted as attorney for the exec-
utors of the deceased, and claims to be entitled to compensation
for his services.  Among the assets of the estate was a deposit in
the name of the testator in the Williamsburg Savings Bank, amount-
ing to $1,344.30, which had come into the appellant's possession in the
course of the preparation of the executors' accounts for the purpose
of settlement.  On the 8th of May, 1900, the appellant drew the
money from the bank, and retained it in his possession under and
by virtue of a claim to a lien thereon for his services.  The money
was drawn on an order signed by one of the executors, who ac-
companied the appellant to the bank, and who makes affidavit that
the appellant stood close to the bank teller's window, and took pos-
session of the money before he (the executor) was able to secure
it.  The order appealed from, as resettled, requires the appellant to
deposit the money to the credit of the executors.  The appellant
has no lien upon the money.  By the amendment to section 66 of
the Code of Civil Procedure, effected by chapter 61 of the Laws
of 1899, it may be assumed that proceedings in surrogate's courts
were included within the provisions of the section.  As so amended,
the section provides that the attorney has a lien upon his client's
cause of action, claim, or counterclaim, which attaches to a verdict,
report, decision, judgment, or final order in his client's favor, and
the proceeds thereof.  The money in dispute is not within the de-
scription cited, nor does it proceed from any cause of action, claim,
or counterclaim, or any resultant verdict, order, decision, etc.  The
section does not purport to give a general lien upon all moneys be-
longing to the client.  Moreover, the amendment did not take effect
until September 1, 1899, while the appellant's services appear to have
been rendered in great part, if not wholly, before that date.  The
amendment is purely prospective in its operation.  Goodrich v. Mc-
Donald, 112 N. Y. 157, 19 N. E. 649.

Whether the appellant has or has not a lien upon the money,
the order appealed from in no respect impairs his rights.  It only
provides for the safe custody of the estate of the deceased until
his claim and rights, with those of others, can be judicially investi-
gated and determined.  This was the view taken by the former
general term of this department in the very similar case of In re De
Oraindi (Sup.) 9 N. Y. Supp. 873, and in which it was held that an
order directing an attorney to deposit moneys which he had col-
lected for an estate pending an inquiry into a claim by the attorney
to hold them for services rendered to the estate is within the dis-
cretion of the surrogate.

The order may also be upheld, irrespective of the validity of the
appellant's claim of a lien, as ancillary to the power of the court
to determine and enforce the lien under section 66 of the Code by
virtue of the additional amendment made by chapter 61 of the Laws
of 1899, to the effect that the court, upon the petition of the client

or attorney, may determine and enforce the lien. This amendment relates to the remedy only, and would seem quite applicable to a case like this, where the attorney has possession of a fund belonging to the client considerably in excess of his claim for services, and asserts the right to retain it by virtue of a lien. The order should be affirmed.

Order of the surrogate's court of Kings county affirmed, with $10 costs and disbursements. All concur.