OPINION OF THE COURT
Joan B. Lefkowitz, J.
In this child support proceeding, respondent has filed objections to the determination of the Hearing Examiner, in which he requests that the court apply the guidelines set forth in the Child Support Standards Act of 1989 (CSSA). (L 1989, ch 567.) He contends that the hearing was held and the decision of the Hearing Examiner was rendered on the record prior to the effective date of the new legislation, but the order of support was entered subsequent to the effective date of the CSSA. Objectant argues that the new legislation should be applicable to the instant matter. Petitioner opposes any reduction of the amount of child support as ordered by the Hearing Examiner.
Petitioner filed a petition in this court, sworn to on May 22, 1989, alleging that the above-named respondent is chargeable with the support of Angelica F. (date of birth Mar. 20, 1981) and Nicholas F. (date of birth Feb. 29, 1984). On June 29, 1989, a hearing was held before a Hearing Examiner of this court who rendered her decision on support on the record in open court. On October 23, 1989, an order of support was entered wherein respondent, Guiseppe F., was ordered to pay the sum of $140 per week for the support of two children, which support was to be allocated equally between them, and the sum of $10 per week on arrears of $720. Timely written objections to the order of support were filed by respondent after entry of the order, and petitioner filed a rebuttal to the objections.
Objectant has raised a number of objections to the order of support. He argues that under the CSSA guidelines, if they were applied, he would only be obligated to pay the weekly *1052 sum of $127.80 for support of his children. He also argues that inasmuch as the parties entered into a separation agreement on January 9, 1986 in which he agreed to pay the sum of $125 per week, the court cannot alter this agreement. He also states that the Hearing Examiner did not inquire into the separation agreement.
Objectant further argues that the Hearing Examiner did not analyze whether the amount she ordered was either unjust or inappropriate. As set forth in objectant’s affidavit, his expenses confirm that the determination of the Hearing Examiner is "defective”.
Objectant also seeks an order of this court "to enjoin the Support Collection Unit from making any further attempts at enforcement until and unless it supplies the Respondent with the itemizations aforesaid or Respondent is in default either in the payment of $125. per week, as ordered, or does not pay the arrears due and owing within 60 days from notification of the amount of those arrears from the Child Support Collection Unit.”
One of the interesting issues that must be determined by this court is whether the guidelines of the Child Support Standards Act of 1989, which was signed into law by the Governor on July 17, 1989 and became effective on September 15,1989 (L 1989, ch 567), should be applied to this matter.
The hearing in the instant matter was held on June 29, 1989 before the Hearing Examiner. At the conclusion of the hearing, the Hearing Examiner rendered an oral decision on the record which determined that respondent was obligated to pay $140 per week in support based upon the needs of the children, and $10 per week for arrears. The Hearing Examiner did not sign a written order and findings of fact until October 23, 1989 and that ministerial act was done subsequent to the effective date of the CSSA. The Child Support Standards Act of 1989 was signed by the Governor on July 17, 1989, to take effect on the 60th day after it shall have become a law, the effective date being September 15, 1989. It is not a disputed issue that the findings of fact and order were entered by the Hearing Examiner after that date.
McKinney’s Consolidated Laws of NY, Book 1, Statutes §51 states that in general, statutes are construed as being prospective. This is said to be a primary rule of statutory construction. A statute will not be given retroactive construction unless this is required by its language. A statute should *1053 not be construed as being retroactive when it is capable of any other construction. If the statute is framed in future words, such as "shall”, it shall be construed as prospective only.
Laws of 1989 (ch 567, § 15) state that the Act "shall take effect on the sixtieth day after it shall have become a law, provided however, that effective immediately”. A reading of this portion of the statute clearly and unequivocally states that the statute is prospective with the exception of specific items, which took effect immediately. However, the issue remains as to whether the statute applies to all matters which were pending but not yet completed on September 15, 1989.
In the instant matter, the Hearing Examiner rendered her oral decision on the record on June 29, 1989. The remaining task for the court was merely ministerial and involved the Hearing Examiner signing a written order pursuant to her oral decision and signing findings of fact incorporating her decision rendered on the record. All of this was not accomplished until after the CSSA became effective. Under all of these circumstances here present, this court determines that the CSSA does not apply to the facts of this case. For all intents and purposes the matter was completed on June 29, 1989 by the Hearing Examiner rendering her decision on the record. The signing of the order by the Hearing Examiner was merely ministerial. A decision is completed when rendered and becomes legally enforceable upon the entry of an order incorporating said decision. This objection is therefore denied.
This court notes that, based upon the evidence presented before the Hearing Examiner, that if the CSSA guidelines were applied, respondent would be obligated to pay weekly support in the approximate sum of $180 per week, which is $40 more per week than the amount ordered by the Hearing Examiner. This estimate is based upon the inclusion of the private school expense, and the mandatory add-on of the petitioner’s child care expense (Family Ct Act § 413 [1] [c] [4]). However, this figure played no role in the court’s determination of the applicability of the CSSA guidelines.
Respondent also argues that he and petitioner have a valid separation agreement in which he agreed to pay the sum of $125 per week, and that, therefore, the order of the Hearing Examiner increasing his support obligation should be vacated. The Hearing Examiner specifically stated in her findings of fact that petitioner filed a de nova petition seeking support for the children of the marriage. Petitioner did not *1054 seek enforcement of the separation agreement, which could only be done in the Supreme Court, as the Family Court does not have subject matter jurisdiction to modify or enforce a separation agreement. By filing the de nova petition, petitioner had no guarantee that she would receive an amount equal to that agreed upon in the agreement, as the court does not consider the agreement except as proof of respondent’s ability to pay support for the children.
'Respondent argues that the Hearing Examiner’s determination was defective in that she did not consider his expenses. The findings of fact explicitly state that expenses were considered, in particular, respondent’s trade-in of his 1988 automobile and purchase of a 1989 automobile, which increased his expenses by $200 per month. The Hearing Examiner found that respondent’s reduction of support payments to petitioner based upon this increase in his expenses was not justified. This court agrees with said finding. Accordingly, this objection is therefore denied.
Respondent also argues that the arrears set forth by the Hearing Examiner are "absurd”. Family Court Act § 449 provides that an order of support shall be effective as of the date of the filing of the petition. In the instant matter, when the parties appeared before the court on June 8, 1989, the Hearing Examiner set a temporary support order of $100 per week. Upon rendering her final determination that respondent was obligated to pay $140 per week for the support of his two children and after crediting the respondent for payments, the Hearing Examiner determined that respondent owed $720 in arrears (Family Ct Act § 449). The Hearing Examiner calculated respondent’s arrears based upon his obligation to pay $140 per week from May 22, 1989, the date the petition was filed.
The court declines to direct the Support Collection Unit to calculate respondent’s support obligation as $125 per week from June 8, 1989, based upon its determination set forth hereinabove. Respondent is obligated to pay $140 per week as and for the children’s support, effective May 22, 1989, and the additional sum of $10 per week toward arrears.
Respondent also seeks an order of this court enjoining the Support Collection Unit from enforcement of child support arrears until 60 days after the notification by them of the amount of arrears he owes. This court declines to interfere with the rules and policies of the Support Collection Unit *1055 regarding enforcement proceedings when a respondent is in arrears. It is noted that the Support Collection Unit was not a party to this proceeding. It is the obligation of this court, enforced by the Support Collection Unit, to ensure that custodial parents promptly receive the support payments to which they are entitled pursuant to the order of the court.
Under all of the circumstances here present, the objections are denied in their entirety.