ROBERT BEASON, Respondent, v DELENA L. SLOANE, Appellant.—Order unanimously modified on the law and as modified affirmed without costs, and matter remitted to Supreme Court for further proceedings, in accordance with the following Memorandum: Supreme Court did not err by refusing to apply the Child Support Standards Act to this matter because the court's decision was rendered before the effective date of the Act *(see, Matter of Patricia F. v Guiseppe F.,* 145 Misc 2d 1050). Although the court failed to articulate the factors it considered when determining the award of child support, in our view the record is sufficiently developed to allow this court to make its own factual findings *(see, Deckert v Deckert,* 147 AD2d 920, 921; *Gainer v Gainer,* 100 AD2d 533, 534).

Defendant earns a higher salary than does plaintiff and defendant claims the tax exemption for the child, which gives her greater available income. Moreover, plaintiff provides other benefits to the child, including the purchasing of toys and clothes. Plaintiff also bears half the cost of the child's day care expenses, as well as the cost of all unreimbursed medical and dental expenses, and all of the costs associated with his visitation with the child. According to the trial testimony, the child is in excellent health and has no special needs. Upon our review of the record and considering the factors set forth in Domestic Relations Law § 236 (B) (7) (former [a]), we conclude that the court's award of child support in the amount of $75 per week is fair and reasonable.

The court erred, however, by failing to make the award of child support retroactive to the date of defendant's application therefor, which, in this case, is the date defendant served her answer and counterclaim, which included a request for child support *(see, Thomas v Thomas,* 161 AD2d 1151, 1152; *Culnan v Culnan,* 142 AD2d 805, *lv dismissed* 73 NY2d 994). Plaintiff is entitled to a credit against the total amount of retroactive support for all amounts paid pursuant to the temporary order. Therefore, we remit this matter to Supreme Court to determine the amount of retroactive support owing and the manner in which plaintiff must pay this amount. (Appeal from

Order of Supreme Court, Livingston County, Cicoria, J.—Child Support.) Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ