*877 OPINION OF THE COURT
Thomas J. McNamara, J.
Defendant has moved to dismiss this claim on the basis that it was not served within the time constraints set forth in Court of Claims Act § 10.
The claim is for loss of personal property by an inmate in the custody of the Department of Correctional Services (DOCS).
Under Court of Claims Act § 10 (9), effective December 7, 1999 (L 1999, ch 412, part D, § 4), an inmate in the custody of the Department of Correctional Services may bring a claim in this court for recovery of damages for injury to, or loss of, personal property only after the inmate has exhausted the administrative remedy established by the Department. The claim must then be served within 120 days after the administrative remedy has been exhausted. Under the rule in effect before December 7, 1999, State inmates were not required to pursue an administrative remedy and the claim had to be served within 90 days after accrual of the claim.
The claim is alleged to have accrued on October 20, 1999. Claimant, though not required to do so at the time, filed a claim with the facility. The final appeal for that claim was determined on December 30, 1999. The claim in this court was served on February 10, 2000, within 120 days after the administrative remedy process was completed but more than 90 days after the loss occurred. Thus, the claim was timely presented if the new rule applies but is untimely under the old rule. The issue is thereby raised as to whether the amendment to the statute applies to claims which accrued before its effective date but which were filed thereafter.
Whether, and to what extent, a statute is to be accorded retroactive application is normally a matter of ascertaining the legislative intent (Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443). Substantive statutes are presumed to have only prospective effect while the rule is exactly the opposite if the statutory amendment merely effects a procedural change (Majewski v Broadalbin-Perth Cent. School Dist., 231 AD2d 102). It is thus presumed, absent any contrary indication, that the Legislature intended changes in the form of remedies to be applicable to proceedings thereafter instituted for the redress of a wrong already done (Matter of Berkovitz v Arbib & Houlberg, 230 NY 261). On the other hand, where the effect of the statute is to create a right of action which did not *878 previously exist, it is presumed that the statute was intended to have only prospective application (see, Jacobus v Colgate, 217 NY 235).
The amendment at issue did not create a new right of action but rather changed the form of the remedy by adding the requirement that an available administrative remedy be pursued and exhausted before the action is brought. The presumption thus arises that the statute was intended to apply to all such actions instituted after the effective date. However, the presumption applies only in the absence of any contrary intention expressed by the Legislature, and in enacting Court of Claims Act § 10 (9) the Legislature also included a provision that the act would not take effect until 120 days after the statute became law. A postponement of the effective date of a statute is evidence that the Legislature never intended it to be retroactive (Matter of Mulligan v Murphy, 14 NY2d 223, 226). Here, postponement of the effective date is sufficient to overcome the presumption that the statute was to apply to claims brought after the effective date even if the alleged wrong occurred before that time. Claimant, therefore, was not required to pursue the institutional remedy, and therefore was required by the former provision to present the claim within 90 days of accrual. As the claim was not served within that period, it is untimely.
Claimant, however, has submitted a memorandum issued by the Department of Correctional Services advising inmates that the Court of Claims would not accept claims for lost property from inmates in DOCS custody after December 7, 1999 unless the personal property administrative remedy had been exhausted. The memo also indicated that such claims should be filed within 120 days after the date the administrative remedy is exhausted. Claimant maintains that he relied on this memo in presenting his claim.
Although an estoppel may not be applied to the State when it exercises a governmental function (Matter of Hamptons Hosp. & Med. Ctr. v Moore, 52 NY2d 88), when that entity acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment, the State should be estopped from asserting a defense which it otherwise could have raised (see, Bender v New York City Health & Hosps. Corp., 38 NY2d 662, 668; see also, Wattley v State of New York, 146 Misc 2d 968). As claimant delayed in presenting the claim in this court based on the information provided in the memo and served the claim within *879 the time frame set forth therein, defendant is estopped from raising the timeliness of the claim as a defense. Accordingly, the motion is denied.