■ FERNANDE PALTRE et al., Appellants, v GENERAL MOTORS CORPORATION et al., Respondents, et al., Defendants. (Action

No. 1.) Lisa Baade, Appellant, v General Motors Corporation et al., Respondents. (Action No. 2.) [810 NYS2d 496]—

In two purported class actions to recover damages, inter alia, for antitrust violations and deceptive business practices, (1) the plaintiffs in action No. 1 appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated April 21, 2004, as granted those branches of the motion of the defendants General Motors Corporation, General Motors of Canada, Ltd., Ford Motor Company, Ford Motor Company of Canada, Ltd., Toyota Motor Sales, USA, Inc., American Honda Motor Co., Inc., Daimler-Chrysler Corp., Mercedes-Benz USA, LLC, Nissan North America, Inc., BMW of North America, LLC, and National Automobile Dealers Association which were to dismiss the antitrust and deceptive business practices class action claims insofar as asserted against them, and (2) the plaintiffs in action No. 2 appeal, as limited by their brief, from so much of an order of the same court, also dated April 21, 2004, as granted those branches of the motion of the same defendants, made applicable to action No. 2 by stipulation and order dated February 4, 2004, which were to dismiss the antitrust and deceptive business practices class action claims insofar as asserted against them.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

In these actions, the plaintiffs, on their own behalf and on behalf of a putative class of consumers who purchased or leased new vehicles in New York, seek to recover damages against Japanese, American, and Canadian automobile manufacturers for

allegedly conspiring to sell or lease vehicles in New York at prices 10% to 30% higher than nearly identical vehicles in Canada and for effectively prohibiting New York residents from purchasing those vehicles in Canada.

CPLR 901 (b) provides that "an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action" unless the statute specifically authorizes a class action. In pertinent part, General Business Law § 340 (hereinafter the Donnelly Act), prohibits monopolies that interfere with trade or the furnishing of services in New York (*see* General Business Law § 340 [1]), and mandates that "[a]ny person who shall sustain damages by reason of any violation of this section, shall recover three-fold the actual damages sustained thereby" (General Business Law § 340 [5]). The Donnelly Act provides for class actions brought by the Attorney General (*see* General Business Law § 342-b) but is silent as to class actions brought by private litigants (*cf. Rudgayzer & Gratt v Cape Canaveral Tour & Travel, Inc.*, 22 AD3d 148 [2005]). The treble damages provision is a penalty within the meaning of CPLR 901 (b). The plaintiffs' Donnelly Act class action claims may not be maintained because the Donnelly Act does not specifically authorize the recovery of this penalty in a class action (*see* CPLR 901 [b]; *Fults v Munro*, 202 NY 34, 41 [1911]; *Rudgayzer & Gratt v Cape Canaveral Tour & Travel, Inc., supra*; *Cox v Microsoft Corp.*, 290 AD2d 206 [2002]; *Asher v Abbott Labs.*, 290 AD2d 208 [2002]; *Matter of Wai Leung Chan v New York State Div. of Hous. & Community Renewal*, 207 AD2d 552, 553 [1994]; *Lyke v Anderson*, 147 AD2d 18, 28 [1989]).

Further, we agree with the Supreme Court that the plaintiffs failed to set forth a viable cause of action to recover damages for deceptive business practices under General Business Law § 349 because the alleged misrepresentations were either not directed at consumers or were not materially deceptive (*see In re New Motor Vehs. Canadian Export Antitrust Litig.*, 350 F Supp 2d 160, 196-197 [2004]; *cf. Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 344 [1999]; *Cox v Microsoft Corp.*, 8 AD3d 39, 40 [2004]; *McGill v General Motors Corp.*, 231 AD2d 449 [1996]).

The parties' remaining contentions are either without merit or need not be reached in light of our determination. Crane, J.P., Santucci, Mastro and Dillon, JJ., concur.