(July 5, 2007)

State of New York, by Eliot Spitzer, Appellant, v Daicel Chemical Industries, Ltd., et al., Respondents. [840 NYS2d 8]—

Judgment, Supreme Court, New York County (Karla Mosko-witz, J.), entered August 19, 2005, which, upon granting reargument of defendants' prior CPLR 3211 motion, dismissed the complaint, unanimously modified, on the law, so as to deny defendants' motion with respect to plaintiff's claims for civil penalties pursuant to General Business Law § 342-a, and to reinstate the complaint to that extent, and otherwise affirmed, without costs.

Plaintiff New York State Attorney General asserts that between January 1979 and June 1997, defendants, who manufacture food additives called sorbates, which are preservatives used to extend the shelf life of commercially sold food products, engaged in an illegal conspiracy to fix and inflate the price of sorbates. Indeed, many of the defendants have pleaded guilty to

federal criminal antitrust charges and paid millions of dollars in fines for participating in this price-fixing conspiracy. In addition, private class action suits filed against these defendants in various state and federal courts around the country have been settled for additional millions more.

In this action, commenced in October 2002, plaintiff pleaded causes of action under (1) the Donnelly Act (General Business Law § 340 *et seq.*); (2) Executive Law § 63 (12), which authorizes the Attorney General to sue persons engaging in repeated or persistent fraudulent or illegal acts in transacting business; (3) General Business Law § 349, the consumer protection law which prohibits deceptive acts or practices in business; and (4) the common law of unjust enrichment. The relief sought under the Donnelly Act included both equitable relief and damages on behalf of New York consumers, as well as civil penalties pursuant to General Business Law § 342-a.

In dismissing the first cause of action, which alleged Donnelly Act violations, the motion court asserted that the claim was brought solely on behalf of indirect purchasers, and reasoned that the amendment to the Donnelly Act which permitted claims by or on behalf of indirect purchasers (General Business Law § 340 [6]) did not go into effect until 1998 (*see* L 1998, ch 653, § 1, eff Dec. 23, 1998), and should not be retroactively applied (*see Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577 [1998]; *Dorfman v Leidner*, 150 AD2d 935 [1989], *affd* 76 NY2d 956 [1990]). To the extent the claim is on behalf of indirect purchasers for compensatory damages, we affirm the dismissal, agreeing that the amendment of section 340 (6) may not be given retroactive application. Generally, a statute is construed as prospective only absent a clear expression of an intent that it be retroactive (*Jacobus v Colgate*, 217 NY 235, 240 [1916]). Language in the statute that it shall "take effect immediately" does not support retroactive application (*see Majewski v Broadalbin-Perth Cent. School Dist., supra*). Even remedial statutes are applied prospectively where they establish new rights, or where retroactive application would impair a previously available defense (*see Dorfman v Leidner, supra*). We view the amendment of section 340 (6) as having created new rights for indirect purchasers to sue for antitrust violations and, in so doing, potentially interfered with defenses which would have been available to defendants at the time of the alleged Donnelly Act violations (*see Lennon v Philip Morris Cos.*, 189 Misc 2d 577, 585-586 [2001]).

However, unlike the portion of the Donnelly Act claim made on behalf of indirect purchasers seeking compensatory damages

for financial injury caused by the price-fixing, a portion of the Donnelly Act claim was brought on behalf of the State itself, as sovereign, and seeks imposition of civil penalties pursuant to General Business Law § 342-a. Indeed, at oral argument of the reargument motion counsel for defendants acknowledged that the civil penalties claim would survive the dismissal of the compensatory damages claim; while defendants now point out that their notices of motion explicitly covered the section 342-a claim, at the very least, the concession at argument acknowledged that both claims were interposed in the Donnelly Act cause of action, and that one could survive even if the other did not.

As to defendants' contention that the complaint failed to allege acts in New York State as required by section 342-a, viewing the complaint liberally and giving plaintiff the benefit of all appropriate inferences (see Jericho Group, Ltd. v Midtown Dev., L.P., 32 AD3d 294, 298 [2006]), the issue of whether the facts entitle the Attorney General to relief under this section should be addressed on the merits rather than at the pleading stage.

Plaintiff's second and third causes of action, under Executive Law § 63 (12) and General Business Law § 349, were properly found to be time-barred by the three-year statute of limitations (CPLR 214 [2]). These claims rely on allegations of conduct made illegal by statute, and do not even allege all the elements of common-law fraud, and as such they are covered by CPLR 214 (2) (see Gaidon v Guardian Life Ins. Co. of Am., 96 NY2d 201 [2001]). There was no viable basis for tolling the statute prior to the parties' tolling agreement which they entered into on July 2, 2001, after the three-year limitations period had already run, in June 2000. General Business Law § 342-c does not apply to these claims, and we do not read the Clayton Act provision (15 USC § 16 [i]) upon which the motion court relied, as tolling the statute of limitations for every state cause of action based upon the same basic facts as those pleaded in a state antitrust claim. Nor may plaintiff rely on fraudulent concealment as a basis for tolling the limitations periods of sections 349 and 63 (12); there is no allegation that any such concealment continued after the conspiracy ended (see Rizk v Cohen, 73 NY2d 98, 105-106 [1989]).

The General Business Law § 349 claim was appropriately dismissed, since that provision only applies to anticompetitive conduct that is premised on the deception of consumers (see Stutman v Chemical Bank, 95 NY2d 24, 29 [2000]; Paltre v General Motors Corp., 26 AD3d 481, 483 [2006]). The motion court also properly dismissed the General Business Law § 349 claim

on the ground that the indirect purchasers on whose behalf plaintiff is suing are too remote from defendants' alleged wrongdoing to support such a claim (*see Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc.*, 3 NY3d 200 [2004]; *Ho v Visa U.S.A., Inc.*, 16 AD3d 256 [2005], *lv denied* 5 NY3d 703 [2005]).

Similarly, the unjust enrichment claim must fail. While privity is not required for an unjust enrichment claim, the end users of the products, in whose interest plaintiff is acting, are too attenuated from the producers of the chemicals which are among the ingredients of those products (*see Sperry v Crompton Corp.*, 8 NY3d 204, 215-216 [2007]). Concur—Mazzarelli, J.P., Saxe, Marlow, Sullivan and Williams, JJ.