SUMMARY ORDER
Defendant appeals from the district court’s July 30, 2008 judgment vacating the decision of the Special Review Officer (“SRO”), and remanding to the Independent Hearing Officer (“IHO”), with instructions to hold a new hearing on plaintiffs claims brought pursuant to the Individuals with Disabilities in Education Act (“IDEA”), 20 U.S.C. § § 1400-1482. “Whether the district court correctly applied the IDEA’S statutory and regulatory provisions to the facts of a particular ease is a mixed question of law and fact, which we ... review de novo.” P. ex rel. Mr. and Mrs. P. v. Newington Bd. of Ed., 546 F.3d 111, 118 (2d Cir.2008). We assume the parties’ familiarity with the facts and procedural history, which we reference only as necessary to explain our decision.[1]
1. Enforcement of the May 19, 2006 Settlement Agreement
Defendant asserts that the district court erred in basing its remand order, in part, on its conclusion that the IHO had the authority to enforce the parties May 29, 2006 settlement agreement. We agree that the IHO had no authority to enforce this settlement agreement — essentially a contract between the parties — and, thus, that the district court erred in ordering remand on that basis.
The IDEA’S “central mandate is to provide disabled students with a ‘free appropriate public education’ [ (“FAPE”) ] in the least restrictive environment suitable for their needs.” Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 245 (2d Cir.2008). Accordingly, Congress has created a system of administrative review that provides parents of disabled children with “[a]n opportunity for any party to present a complaint ... with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a [FAPE] to such child.” 20 U.S.C. § 1415(b)(6)(A). The statutory scheme provides for initial review before state hearing officers, whose authority is circumscribed by statute: “a decision made by a hearing officer shall be made on substantive grounds based on a determination of whether the child received a free appropriate public education.” Id. § 1415(f)(3)(E)(i).[2] When a parent has a complaint raising one of the enumerated grievances identified in the statute, the IDEA requires that they proceed through the administrative process before filing suit in a federal district court. See id. § 1415(i)(2)(A); Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d at 245 (“Only after exhaustion of these procedures [in § 1415(i)(2)(A) ] has an aggrieved *690 party the right to file a suit in a federal or state court.”).
In this ease, plaintiff seeks to enforce only those provisions of the May 19, 2006 settlement agreement that required defendants to supply H.C. with a table, chair, computer, software, and certain computer accessories, within six weeks of the date of the agreement. See April 2, 2007 opinion of the Impartial Hearing Officer (“IHO Op.”) at 16, 31; Appellee’s Br. at 1. This enforcement dispute is purely a matter of determining defendant’s obligation under the settlement agreement. It does not concern the “identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child.” 20 U.S.C. § 1415(b)(6)(A). As such, resolution of the dispute will not benefit from the “discretion and educational expertise [of] state and local agencies, [or the] full exploration of technical educational issues” related to the administration of the IDEA. See Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist., 288 F.3d 478, 487 (2d Cir.2002). Consequently, a due process hearing before an IHO was not the proper vehicle to enforce the settlement agreement.[3] See A.R. ex rel. R.V. v. New York City Dep’t of Educ., 407 F.3d 65, 78 n. 13 (2d Cir.2005) (noting that, “as is common in administrative procedures,” IHOs “have no enforcement mechanism of their own”).
Whether the district court had federal question jurisdiction to enforce the settlement agreement in the first instance presents a closer question. Contract enforcement is generally a question of state law. Congress has expressly provided for enforcement of IDEA settlement agreements in federal district courts when the agreement at issue was entered into “through the [IDEA] mediation process,” 20 U.S.C. § 1415(e)(2)(F), or at a “resolution session” required by § 1415(f)(1)(B), see id. § 1415(f)(l)(B)(iii). On the record before us, neither party asserts that the May 19, 2006 settlement agreement emerged “through the mediation process” or “at” a “resolution meeting.” See Appellee’s Br. at 9 (“It is indisputable that the agreement between the parties in this case was not a resolution agreement.”). It is left to the party “asserting subject matter jurisdiction [to] prov[e] by a preponderance of the evidence that [jurisdiction] exists.” Hamm v. United States, 483 F.3d 135, 137 (2d Cir.2007). Thus, we leave it to the district court on remand to determine in *691 the first instance if there is a jurisdictional basis for considering plaintiffs contract claim.
2. New York Assembly Law A11463
We also conclude that the district court erred in vacating the SRO’s decision and remanding to the IHO for consideration of H.C.’s claim in light of New York Assembly Law A11463. In a lengthy and detailed opinion, the SRO explained his conclusion that H.C.’s 2006-07 IEP provided her with a FAPE. The district court declined to review this determination on the ground that the IHO must be given the opportunity to “properly consider” A11463, which was enacted by the Governor on July 7, 2008. The bill amended New York’s Education Law to expressly provide that home-schooled students “shall be deemed to be a student enrolled in and attending a nonpublic school eligible to receive services” under the IDEA. See N.Y. Educ. L. § 3602-c(2)(c).
The passage of this bill in 2008 does not warrant remanding H.C.’s claim to benefits for the 2006-07 school year to the IHO. We note first that the SRO expressly declined to base his determination on the pre-A11463 state of the law. Rather, he noted that, although “there has been some continuing confusion over the extent of [defendant’s] responsibility to provide services to the child,” “it [wa]s unnecessary to decide this issue in light of my determination that the June 2006 IEP was appropriate.” June 14, 2007 opinion of the State Review Officer (“SRO Op.”) at 17.[4] Second, to the extent that A11463 effected a change in New York law, there is no indication that the 2008 bill, which states that “[t]his act shall take effect immediately,” retroactively altered defendant’s duties to H.C. for the 2006-07 school year. See Majewski v. Broadalbin-Perth Cent. Sch. Dist., 91 N.Y.2d 577, 584, 696 N.E.2d 978, 980, 673 N.Y.S.2d 966, 968 (1998) (“It is a fundamental canon of statutory construction that retroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it.”); see also State ex rel. Spitzer v. Daicel Chem. Indus., Ltd., 42 A.D.3d 301, 302, 840 N.Y.S.2d 8, 11 (1st Dep’t 2007) (“Language in the statute that it shall ‘take effect immediately’ does not support retroactive application.”). Because the 2008 law could have no effect on the defendant’s obligations to H.C. for the 2006-07 school year, remand is unnecessary on this ground.
3. The District Court Should Assess the SRO’s Determination that H.C.’s 2006-07 IEP Provided her with a FAPE
We conclude that the proper course is for the district court itself to review the SRO’s determination that H.C.’s 2006-07 IEP provided her with a FAPE. In so doing, the district court must accord “due weight” to the state agency’s determination, “mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy.” Cerra v. Pawling Cent. Sch. Dist., 427 F.3d 186, 191-92 (2d Cir.2005) (internal quotation marks omitted). If the district court agrees with the SRO’s determination *692 that H.C.’s 2006-07 IEP provided her with a FAPE, any question as to the effect of A11463 will be moot.
We have considered all of the parties’ remaining arguments and conclude that they lack merit. Accordingly, the district court’s July 30, 2008 order is hereby VACATED and REMANDED for further proceedings consistent with this order.

. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. The district court vacated the SRO's decision, remanded to the IHO, dismissed plaintiff's complaint without prejudice, and ordered the Clerk of the Court to enter judgment accordingly. These actions amply demonstrate the "requisite indicia of finality” required to confer appellate jurisdiction upon this court. See Somoza v. New York City Dep't of Educ., 538 F.3d 106 (2d Cir. 2008).

. The IDEA also permits an IHO to find that a child did not receive a FAPE due to certain procedural infirmities under circumstances not relevant here. See 20 U.S.C. § 1415(f)(3)(E)(ii).

. To the extent the district court's opinion suggests that remand to the IHO was necessary to give the IHO an opportunity to consider, rather than to enforce, the settlement agreement, we cannot agree. See H.C. v. Colton-Pierrepont Central School Dist., 567 F.Supp.2d 340, 344 ("The IHO should have considered such terms in assessing the propriety of the 2006-07 IEP.”). First, there is no indication in the IHO's decision that he failed to consider the settlement agreement to the extent it might have been relevant to the issue before him, i.e., whether H.C.'s 2006-07 IEP provided her with a FAPE. To the contrary, the IHO discussed the agreement in some detail, see IHO Op. at 16, and declined only to enforce it, see id. at 31. Second, presumably because there is no indication that the IHO failed to consider the settlement agreement to the extent it was relevant, plaintiff did not raise this argument before the district court on summary judgment. Plaintiff sought only the "imposfition] of appropriate consequences” for defendants’ alleged failure to comply with the settlement agreement. See H.C. v. Colton-Pierrepont Central Sch. Dist., No. 07-cv-0944 (N.D.N.Y. May 12, 2008) (docket # 20, cross-motion for summary judgment). Finally, plaintiff does not raise this argument on appeal, instead defending tire district court's judgment on the ground that remand is necessary to permit the IHO to enforce the agreement. See Appellee's Br. at 4-10. Because there is no indication that tire IHO erred by failing to consider the settlement agreement, remand on this ground is unwarranted.

. We note that the SRO neither deprived the parties of due process, nor exceeded the scope of his authority in noting his belief that home-schooled students were not entitled to IDEA benefits during the 2006-07 school year. See H.C. v. Colton-Pierrepont Central School Dist., 567 F.Supp.2d at 344 n. 4. To the extent he raised this issue sua sponte,