OPINION OF THE COURT
Louis B. York, J.
In this litigation, plaintiff, an attorney, seeks a charging lien, under Judiciary Law § 475, against BrainPOf| which settled with plaintiff’s former client, defendant Dr. Walton, in the course of an Equal Employment Opportunity Commission (EEOC) mediation. On May 30, 2012, this court issued a decision and order which granted defendants’ motion to dismiss and denied plaintiffs motion to amend based on its examination of Judiciary Law § 475. Currently, plaintiff moves to renew this motion based on an amendment to the statute and, upon renewal, to obtain an order denying the BrainPOP defendants’ motion to dismiss. In opposition, BrainPOP argues that the amendment applies prospectively and not retroactively. For the reasons stated below, the court denies the motion.
As indicated above, plaintiff represented defendant Dr. Walton on her employment-related claims against the BrainPOP defendants. In May 2007, the parties came before the EEOC where, after mediation, Dr. Walton received money and benefits from the BrainPOP defendants. Because the case was settled before the EEOC, there was never a formal legal action. Plaintiff still has not received the one-third contingent legal fee to which she is entitled. On October 5, 2007, plaintiff gave written notice to the BrainPOP defendants’ attorney that they should honor plaintiff’s lien on the settlement proceeds. The BrainPOP defendants have not paid any money to plaintiff. On May 30, 2012, the court granted the BrainPOP defendants’ motion to dismiss plaintiff’s claim under Judiciary Law § 475, which governs the attorney’s right to a charging lien. (Banque Indosuez v Sopwith Holdings Corp., 98 NY2d 34, 37 [2002].) At that time, Judiciary Law § 475 stated:
“From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client’s cause of action, claim or counterclaim, which attaches to a verdict, *377 report, determination, decision, judgment or final order in his client’s favor, and the proceeds thereof in whatever hands they may come . . .
In its earlier order, this court reasoned, “To enforce a charging lien section 475 of the Judiciary Law requires that an action or proceeding be commenced. The [underlying] situation . . . was not an action or proceeding, but an investigation and a mediation.” (Bonnaig v Walton, Sup Ct, NY County, May 30, 2012, index No. 110429/2011 [decision in motion sequence No. 1].) This was consistent with long-standing judicial interpretation of the statute. (See Banque Indosuez v Sopwith Holdings Corp., 98 NY2d 34, 43 [2002] [stating that lien comes into existence when action or proceeding is commenced].)
On January 1, 2013, however, an amendment to Judiciary Law § 475 went into effect. The law as amended states that in addition to actions and proceedings, it applies to “any means of alternative dispute resolution including, but not limited to, mediation or arbitration, or the provision of services in a settlement negotiation at any stage of the dispute.” (Judiciary Law § 475.) Through this amendment, the legislature made clear that attorneys may seek charging liens not only with respect to an official court action or proceeding but also for out-of-court settlements, including those obtained through any form of alternative dispute resolution. The legislators referred to the amendment as an expansion of the existing law.
Had the amendment occurred prior to the commencement of the EEOC mediation, plaintiff undisputedly could have enforced a charging lien. However, as the EEOC settled this matter in 2007, this case turns on whether the amendment applies prospectively or retroactively. Plaintiff states that it should apply retroactively to lien cases which currently are pending in the court system. Defendants argue that the law should apply prospectively only. This is an issue of first impression.
A “primary rule of statutory construction [is] that a new statute [or amendment] is to be applied prospectively, and will not be given retroactive construction unless an intention to make it so can be deduced from its wording.” (30 E. 33rd St. Realty LLC v PPF Off Two Park Ave. Owner, LLC, 105 AD3d 515, 515 [1st Dept 2013].) In interpreting a statute a court should first look to the text of the statute to see whether the legislature has stated its intent there. (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998].)
In the amendment at hand, there is no express discussion of the issue of retroactivity. However, the amendment does state *378 that “[t]his act shall take effect on the ninetieth day after it shall have become a law.” (L 2012, ch 478, § 3; Judiciary Law § 475.) A postponement of the effective date of a statute is strong evidence that the legislature did not intend for it to be retroactive. (O’Connor v Long Is. R.R., 63 AD2d 1015, 1015 [2d Dept 1978], lv dismissed 48 NY2d 605, 668 [1979]; Stroud v State of New York, 184 Misc 2d 876, 878 [Ct Cl 2000].) Though language postponing the effective date does not preclude retroactivity, “in the absence of any corresponding provision for the statute’s application to pending actions ... [it is] strongly supportive of a finding that retroactive application was not intended by the Legislature.” (Bolarinwa v Albany Med. Ctr. Hosp., 261 AD2d 21, 23 [3d Dept 2000] [citations omitted], lv dismissed 95 NY2d 825 [2000].) In fact, retroactive application under these circumstances risks “rendering that language entirely superfluous.” (Id.) Here, there is no clear indication that the legislature intended the statute to apply retroactively. Therefore, the postponement of the effective date is dispositive. (See also State of New York v Daicel Chem. Indus., Ltd., 42 AD3d 301, 302 [1st Dept 2007] [language that statute was to take effect “immediately” did not support retroactive application].)
In addition to the time provided, this provision of the statute also uses the word “shall.” As defendants argue, in looking to the intent of the legislature, a statute framed in words such as “shall” or “hereafter,” is construed prospectively. (Matter of Kuryak v Adamczyk, 265 AD2d 796 [4th Dept 1999]; Matter of Patricia F. v Guiseppe F, 145 Misc 2d 1050, 1053 [Fam Ct, Westchester County 1989].) From the language, which suggests that the amendment or statute shall be applied in the future, courts presume a legislative intent for the statute or amendment to be prospective. Here, there is not ample support for a contrary interpretation.
In addition, the legislative intent does not support a finding of retroactivity. In deciphering legislative intent, the courts look to canons of statutory construction. (Id.) In general, amendments to statutes are applied prospectively. (McKinney’s Cons Laws of NY, Book 1, Statutes § 51; Majewski, 91 NY2d at 584.) A statute must overcome a strong presumption before a court will apply it retroactively. (See Frontier Ins. Co. v State of New York, 160 Misc 2d 437 [Ct Cl 1993], affd 197 AD2d 177 [3d Dept 1994], affd 87 NY2d 864 [1995].) Remedial and procedural amendments constitute an exception to the general rule against *379 retroactive operation to the extent that they do not impair vested rights. (McKinney’s Cons Laws of NY, Book 1, Statutes § 54; see Matter of Marino S., 100 NY2d 361, 370-371 [2003].) However, the amendment, even if remedial, will not apply to pending actions if it creates a new remedy where none previously existed or destroys rights already accrued. (McKinney’s Cons Laws of NY, Book 1, Statutes § 54; see State of New York v Daicel Chem. Indus., Ltd., 42 AD3d at 302.)
The statute that has been amended, Judiciary Law § 475, is remedial in nature and therefore courts construe it liberally to effectuate its purpose. (Morgan v H.P. Drewry, S. A. R. L., 285 App Div 1, 4 [1st Dept 1954].) However, in interpreting the initial version of the statute, the Court of Appeals concluded the statute applied prospectively. (Goodrich v McDonald, 112 NY 157 [1889]; see Matter of Rowland, 55 App Div 66 [2d Dept 1900].) This fact adds to the presumption that the amendment should apply prospectively as well. Thus, even if the amendment is remedial, an issue the parties debate, the court concludes prospective application is proper.
Accordingly it is ordered that the motion to renew is granted and, upon renewal, the court adheres to its original determination.