People ex rel. Griffin v Baxter (2022 NY Slip Op 04845)

People ex rel. Griffin v Baxter

2022 NY Slip Op 04845

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, NEMOYER, AND BANNISTER, JJ.

429 OP 22-00326

[*1]THE PEOPLE OF THE STATE OF NEW YORK EX REL. JON GRIFFIN, ESQ., ON BEHALF OF LEROY REYNOLDS, ET AL., PETITIONER,
v
TODD BAXTER, MONROE COUNTY SHERIFF, AND ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENTS. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (JONATHAN GARVIN OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ROCHESTER (KATE H. NEPVEU OF COUNSEL), FOR RESPONDENT ANTHONY ANNUCCI, ACTING COMMISSIONER,

 Proceeding pursuant to CPLR article 70 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 7002 [b][2]) seeking a writ of habeas corpus on behalf of 23 individuals. 
It is hereby ORDERED that said petition is unanimously dismissed without costs.
Memorandum: Petitioner commenced this original proceeding pursuant to CPLR 7002 (b) (2) seeking a writ of habeas corpus on behalf of 23 individuals (relators) who were detained before March 1, 2022, due to alleged violations of their release to parole, postrelease supervision, or conditional release. Petitioner contends that the relators are entitled to recognizance hearings, as set forth in the recently amended Executive Law § 259-i (3) (iv), and that no such hearings were held with respect to their detention; therefore, petitioner seeks an order directing respondents to hold such hearings or to release the relators from custody. Assuming, arguendo, that the exception to the mootness doctrine applies to the extent that this proceeding has been rendered moot with respect to certain relators (see generally People ex rel. McManus v Horn, 18 NY3d 660, 663-664 [2012]; People ex rel. Bradley v Baxter, 203 AD3d 1576, 1576 [4th Dept 2022]; People ex rel. Doyle v Fischer, 159 AD2d 208, 208 [1st Dept 1990]), and that the relief sought by petitioner on behalf of each relator is available in this proceeding (cf. Bradley, 203 AD3d at 1576; People ex rel. Gonzalez v Wayne County Sheriff, 96 AD3d 1698, 1699 [4th Dept 2012], lv denied 21 NY3d 852 [2013]; see generally State of N.Y. ex rel. Harkavy v Consilvio, 8 NY3d 645, 650-652 [2007]), we conclude that petitioner's contentions lack merit. Consequently, we dismiss the petition.
"In our tripartite form of government, the legislature determines the public policy of this State, recalibrating rights and changing course when it deems such alteration appropriate as it grapples with enduring problems and rises to meet new challenges facing our communities. It is the distinct role of the courts to interpret the laws to give effect to legislative intent while safeguarding the constitutional rights of impacted individuals" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 348 [2020], rearg denied 35 NY3d 1079, 1081 [2020]). In interpreting the law, one of the issues confronting the courts has been whether a new or revised statute should be applied retroactively. "A statute has retroactive effect if 'it would impair rights a party possessed when [that party] acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already [*2]completed,' thus impacting 'substantive' rights" (id. at 365). Here, petitioner contends that the recent changes to Executive Law
§ 259-i (3) (iv) should apply to the relators. The parties correctly agree that those changes took effect on March 1, 2022 (see L 2021, ch 427, § 10), that the relators were all taken into custody prior to that date, and that the changes impose new duties upon respondents with respect to hearings; thus, the statute will apply to them only if the statutory changes are applied retroactively.
It is well settled that, although "procedural changes are, in the absence of words of exclusion, deemed applicable to 'subsequent proceedings in pending actions' . . . , it takes 'a clear expression of the legislative purpose to justify' a retrospective application of even a procedural statute so as to affect proceedings previously taken in such actions" (Simonson v International Bank, 14 NY2d 281, 289 [1964]; see Gleason v Gleason, 26 NY2d 28, 36 [1970]; People v McFadden, 189 AD3d 2086, 2087 [4th Dept 2020], lv denied 36 NY3d 1099 [2021]). That "assures that [the legislative body] itself has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits" (Landgraf v USI Film Prods., 511 US 244, 272-273 [1994]). Furthermore, an amendment to a statute will generally not be applied retroactively where, as here, it "affects the rights of the parties and 'bestows a new right' " (People v George, 199 AD3d 831, 832 [2d Dept 2021], lv denied 38 NY3d 927 [2022]), inasmuch as "[e]ven remedial statutes are applied prospectively where they establish new rights" (State of New York v Daicel Chem. Indus., Ltd., 42 AD3d 301, 302 [1st Dept 2007]; see Aguaiza v Vantage Props., LLC, 69 AD3d 422, 424 [1st Dept 2010]).
Here, we conclude that there is no clear expression of a legislative intent that the amendments are to be applied retroactively. The amendments unquestionably grant a new right, i.e., a releasee who allegedly violates a condition of his or her release is entitled to a recognizance hearing upon being taken into custody. Petitioner does not contend that the procedures taken by respondents did not comport with the then-existing law, and petitioner seeks to undo the actions taken pursuant to those procedures and apply the amendments. In addition, we note that the amendments were part of a law that was enacted in 2021 and signed by the Governor on September 17, 2021 (L 2021, ch 427), but was to take effect on March 1, 2022
(L 2021, ch 427, § 10). "If the amendments were to have retroactive effect, there would have been no need for any postponement" of the effective date of the amendments (People v Utsey, 7 NY3d 398, 403-404 [2006]).
Finally, it is well settled that, when interpreting a statute, "[w]here the language of a statute is clear and unambiguous, courts must give effect to its plain meaning" (Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86, 91 [2001]; see People v Kisina, 14 NY3d 153, 158 [2010]). Here, the statutory section mandating that the amendments at issue take effect on March 1, 2022, i.e., section 10 of chapter 427 of the laws of 2021, further states that, "within six months of such effective date, the department of corrections and community supervision in consultation with the board of parole shall calculate and award all earned time credits pursuant to subdivision 4 of section 70.40 of the penal law as added by section two of this act to all persons serving a sentence subject to community supervision at the time this legislation becomes law retroactive to the initial date such person began his or her earliest period of community supervision prior to any revocation of community supervision." Thus, where the "[l]egislature intended to [make the amendments retroactive], it unequivocally did so, leading inexorably to the conclusion that it did not intend that" the remaining parts of the same statutory section be applied retroactively (People v Hill, 82 AD3d 77, 80 [4th Dept 2011]). We therefore conclude that petitioner's " 'suggested interpretation is wholly at odds with the wording of the statute and would require us to rewrite the statute. This we cannot do' " (id., quoting People v Smith, 63 NY2d 41, 79 [1984], cert denied 469 US 1227 [1985], reh denied 471 US 1049 [1985]).
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court