People ex rel. Britt v Harder (2022 NY Slip Op 07120)

People ex rel. Britt v Harder

2022 NY Slip Op 07120

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

534770
[*1]The People of the State of New York ex rel. Lowell J. Britt, Appellant,
v
David Harder, as Broome County Sheriff, et al., Respondents.

Calendar Date:November 16, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and McShan, JJ.

Lowell J. Britt, Albion, appellant pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for Acting Commissioner, New York State Department of Corrections and Community Supervision, and another, respondents.

McShan, J.
Appeal from an order of the Supreme Court (Jeffrey A. Tait, J.), entered January 28, 2022 in Broome County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner pleaded guilty to three counts of persistent sexual abuse and was sentenced to concurrent prison terms of three years to be followed by 10 years of postrelease supervision (hereinafter PRS).[FN1] As relevant here, in August 2019, petitioner was released to PRS and agreed to numerous conditions of his release. In July 2021, he was charged with criminal contempt in the second degree for violating an order of protection and with violating several conditions of his release. At the revocation hearing, petitioner pleaded guilty to charge No. 2 and, on September 1, 2021, was ordered to be reincarcerated for 18 months, and the criminal contempt charge was dismissed.
In January 2022, petitioner filed an application for a writ of habeas corpus seeking his immediate release. He contended that he could not be reincarcerated for the violation of the conditions of his release, or at most could be reincarcerated for 30 days, under the Less is More Community Supervision and Revocation Act (hereinafter the Less is More Act), in that the new sanction provision, he argues, became effective on September 1, 2021 (see Executive Law § 259-i [3] [f], as amended by L 2021, ch 427, §§ 6, 10). Respondents opposed the petition. Supreme Court dismissed the application in a thorough written decision, ruling that the relevant amendment limiting reincarceration for technical violations of release conditions was not in effect until March 1, 2022 and, accordingly, it did not apply to petitioner or entitle him to immediate release. Petitioner appeals.
We affirm. Under the Less is More Act adopted on September 17, 2021, which modifies the procedures and standards applicable to the revocation of community supervision, there is a distinction between technical and non-technical parole violations, and reincarceration for technical violations is disallowed subject to certain exceptions (see Executive Law §§ 259 [6], [7]; 259-i [3] [f] [xi], [xii], as amended by L 2021, ch 427, §§ 1, 6). Petitioner argues that charge No. 2 was a purely technical violation in that it did not involve the commission of a new Penal Law criminal offense (see Executive Law § 259 [6]). Although Executive Law § 259-i (3) (f) (xi) and (xii), as amended, are qualified in that they permit reincarceration for technical violations committed by those convicted of felony sex offenses, such as petitioner (see Penal Law § 70.80 [1] [a]), he argues that the exception should be narrowly construed to apply only where the violation is related to the underlying sex offenses and that his violation would not meet that criteria as it was merely a condition given to every parolee. Petitioner's central contention, however, is that the provisions limiting the reincarceration sanction for technical violations [*2]to, at most, 30 days (see Executive Law § 259-i [3] [f] [xi], [xii]) apply to his September 1, 2021 parole violation sentencing in that, unlike most provisions of the Less is More Act which became effective March 1, 2022, the sanction amendment became effective on September 1, 2021. We disagree, and find that Supreme Court correctly determined that the sanction amendment did not become effective until March 1, 2022 and did not apply to petitioner's resentencing.
The amendments to Executive Law § 259-i (3) (f) approved on September 17, 2021 with the enactment of the Less is More Act were expressly made effective March 1, 2022, with one exception in which an amendment to the then-existing subdivision (3) (f) (xi) of Executive Law § 259-i was made effective retroactive to September 1, 2021 (i.e., the same effective date as L 2021, ch 103, § 13) (see L 2021, ch 427, § 10). The disputed issue is whether that exception to the effective date contained in section 10 of Laws of 2021, chapter 427 refers to the sanction limitation embodied in Executive Law § 259-i (3) (f) (xi), i.e. whether section 6 of the Laws of 2021, chapter 427 amending Executive Law § 259-i (3) (f) (xi) was effective on September 1, 2021, as petitioner argues, or March 1, 2022, as respondents argue and Supreme Court found. Although the Legislature did not provide clear guidance on this issue, we agree with the court's analysis that the exception to the effective date did not refer to the sanction limitation, which we likewise find took effect — along with the many other significant substantive changes made to the parole revocation process — on March 1, 2022.
Previously, Executive Law § 259-i (3) (f) (xi) addressed the requirement for a written parole revocation decision, a substantive provision later moved to and now appearing in Executive Law § 259-i (3) (f) (xiv) with the adoption of the Less is More Act, when a new subdivision (3) (f) (xi) was adopted disallowing reincarceration for technical parole violations subject to the exceptions contained in subdivision (3) (f) (xii) (see L 2021, ch 427, § 6). Initially, that prior version of Executive Law § 259-i (3) (f) (xi) was amended to correct gender-specific language (by adding "and she") and to add a notice requirement regarding the impact of the violation on voting rights (see L 2021, ch 103, § 8); that change was effective 120 days after May 4, 2021, i.e., September 1, 2021 (see L 2021, ch 103, § 13). Thereafter, the Less is More Act was signed into law on September 17, 2021 and further amended Executive Law § 259-i (3) (f) (xi) to use gender-neutral language ("such officer"), and also moved or renumbered it to subdivision (3) (f) (xiv) (see L 2021, ch 427, § 6). Section 10 of the Less is More Act (L 2021, ch 427, § 10) directs that the Act was to take effect on March 1, 2022 subject to one exception: "provided, however, that the amendments made to [Executive Law § 259-i (3) (f) (xi)] by [Laws of 2021, chapter 427, § 6] shall take [*3]effect on the same date and in the same manner as such chapter of the [L]aws of 2021 takes effect." Section 6 refers upfront to subdivision (3) (f) (xi) as amended by the Laws of 2021, chapter 103. Thus, the reference in section 10 to subdivision (3) (f) (xi) necessarily refers to the provision as it then-existed, amended with gender-neutral and voting language, thereby providing that the earlier and current technical changes to the gender and voting language in that provision would take effect on the same day, September 1, 2021, whereas the substantive move of that provision and adoption of new standards and rules in (3) (f) (xi) were made effective March 1, 2022. As such, we read section 10 of the Laws of 2021, chapter 427 to provide that the provisions of the Less is More Act are effective as of March 1, 2022, with the limited exception being that the pronoun and voting amendments to Executive Law § 259-i (former [3] [f] [xi], moved to [3] [f] [xiv]), were effective as of September 1, 2021.[FN2]
Moreover, we find that this interpretation regarding the effective dates of the sweeping substantive changes made by the Less is More Act is the only rational one. To that end, the Legislature could not have intended that the reincarceration disallowance for technical violations provision of Executive Law § 259-i (3) (f) (xi) would be read and applied in isolation — or separately from section (3) (f) (xii) which contains the limitations on the incarceration disallowance — or that it would have an earlier effective date than the many other substantive, evidentiary and procedural changes made by the Less is More Act including the new, not yet-in-effect definition of what constitutes a technical violation under Executive Law § 259 (6) (see Matter of Walsh v New York State Comptroller, 34 NY3d 520, 524 [2019]; Matter of United Jewish Community of Blooming Grove, Inc. v Washingtonville Cent. Sch. Dist., 207 AD3d 9, 12 [3d Dept 2022]). Further, there is no clear legislative intent that the amendment to Executive Law § 259-i (3) (f) (xi), adopted on September 17, 2021, should — in isolation — be applied retroactively to petitioner's September 1, 2021 resentencing (see People ex rel. Griffin v Baxter, 208 AD3d 986, 988 [4th Dept 2022]; see also Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 370-371 [2020]). Accordingly, the new provision disallowing reincarceration for technical violations, subject to certain exceptions, was not in effect and did not apply to petitioner's violation and, thus, it is irrelevant whether the violation was a technical or non-technical one. In light of this conclusion, we need not address petitioner's other arguments. As petitioner has not demonstrated that his incarceration is unlawful or that he is entitled to immediate release, his application was properly dismissed (see CPLR 7002 [a]; 7010; People ex rel. Brown v New York State Div. of Parole, 70 NY2d 391, 398 [1987]; People ex rel. [*4]Walker v Lynn, 208 AD3d 1406, 1407-1408 [3d Dept 2022]).
Egan Jr., J.P., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: It appears that petitioner was sentenced to 15 years of PRS on one of the convictions.

Footnote 2: Given our conclusion, we disagree with the contrary finding in People ex rel. McDonald v Schiraldi (Sup Ct, Bronx County, Dec. 15, 2021, David L. Lewis, J., index No. 814816/2021e).