JENNIE GRAU, Plaintiff, v. JOHN McNULTY & SONS HOLDING Co., INC., and Another, Defendants.

City Court of New York, Trial Term, Bronx County, June 21, 1938.

*Archie W. Hertz*, for the plaintiff.

*Leo Berson*, for the defendants.

DONNELLY, J.    The Building Code (Chap. 5, art. 19, § 392 of the Code of Ordinances of the City of New York) provides:

" 1. Construction. Except as in this article otherwise provided, every chimney hereafter erected shall be of brick or stone laid in cement mortar, or of reinforced concrete, extending above the highest point of the roof and at least 4 feet above the highest point of contact with the roof.    *    *    *

" 2. Supports. All chimneys shall be wholly supported by stone, brick or self-supporting fireproof construction.    No chimney shall rest or be built upon any wood construction.    *    *    *

" 9. Raising    adjoining    chimneys.    a. Whenever    a    building    *    *    *    is hereafter erected    *    *    *    so that any of the walls, whether independent or party, along a property line or within 3 feet thereof, extends above the top of any *chimney*, smoke flue or smokestack of an adjoining building    *    *    *    *the owner of the building*    *    *    *    *so erected*    *    *    *    shall, at his own expense, carry up, either independently or in his own building    *    *    *    all *chimneys*, smoke flues and smoke stacks of such adjoining building    *    *    *    within 10 feet of any portion of the said wall extending above such *chimney*, flue or stack.    *    *    *    All such *chimneys, flues or stacks* shall be carried above the walls in question to the heights prescribed, *and shall, furthermore, be so constructed, supported and braced as to be at all times safe*."    (Italics mine.)

At the time the defendants erected the apartment house on their land there was a chimney on plaintiff's adjoining dwelling house.

As I read the provisions of the Building Code, it was defendants' duty to carry up plaintiff's chimney on the wall of their building. Defendants did not comply with the ordinance by the construction of the metal pipe. And this view is supported by the ruling in *Herrman* v. *Hartwood Holding Co., Inc.* (193 App. Div. 115), where LAUGHLIN, J., writing for a unanimous court, held: " Instead of carrying the chimney up with brick or stone laid in cement  \*  \*  \* and lining the flue with terra cotta pipe, as required by law  \*  \*  \* it inserted at the opening of the flue in the top of the party wall a metallic elbow, exposed to the weather, carrying the vent nearly at right angles into the wall of the hotel building where the course of the vent was again changed substantially at right angles, with the result, which might have been expected, of seriously impairing the draft and the usefulness of the flue and its durability."

At bar, whether brick chimney or metal pipe, either, under the mandate of the ordinance, was to be so constructed, supported and braced as to be at all times safe.

It was not shown that plaintiff's damage ensued as the result of defendants' failure to carry up her chimney. It was established that plaintiff's damage began when the metal pipe fell apart in the spring of 1934 because of defendant's failure properly to maintain it. It, therefore, follows that plaintiff's claim for damages in the sum of $2,500, which sum she alleges is the fair and reasonable cost of constructing and erecting a brick chimney *by her*, cannot be sustained.

There was a breach by defendants of their duty to carry up plaintiff's brick chimney at the time defendants constructed and set up the metal smoke pipe in 1929. Had plaintiff's cause of action accrued then, her claim for damages would be outlawed, as the pending action was not instituted by her until November, 1937. But the Statute of Limitations did not begin to run against plaintiff's claim until her damage became apparent. (*Rector of Trinity Church* v. *City of New York*, 134 Misc. 29, and cases cited therein.) This happened in 1934, when the lack of draft from the heater in plaintiff's home, due to the disintegration of the metal smoke pipe erected by defendants, made it impossible to maintain a proper degree of heat without an increased expenditure for coal and oil, and, because of the smoke coming from the heater and smudging the walls and ceilings, making it necessary for her to do some cleaning and painting. As these damages necessarily ensued because of the inadequacy of the draft, plaintiff was not required specifically to describe them in the complaint. One who sues to recover for personal injuries may give evidence, under a complaint which simply alleges that he was made sick, sore, lame and disabled,

of any injury shown to have been caused by defendant's negligence. If the one sued desires more specific information as to the nature and extent of the injuries claimed by plaintiff he should demand a bill of particulars. At bar there is enough in plaintiff's complaint to permit the inference that at least one item of her damage was an increased expenditure for coal. In addition thereto she alleges that that "she has been and will be otherwise damaged," due, as the complaint fairly implies, to the dense smoke coming from plaintiff's heater because (1) of defendants' failure to carry up her brick chimney, and (2) to the disintegration of the metal smoke pipe. Plaintiff was not requested to particularize in what respect "she has been and will be otherwise damaged." In these circumstances it was proper for her to show her increased expenditure for coal and oil and the expense she incurred for painting made necessary by the smoke. The complaint states facts from which damages can properly be inferred and is sufficient without specifically enumerating the items of damage. (*Winter* v. *American Aniline Products, Inc.*, 236 N. Y. 199, 204; *Lurie* v. *New Amsterdam Casualty Co.*, 270 id. 379, 382.) I allow for the increased expenditure for coal and oil $350, and for the painting $300.

The claim for punitive damages cannot be allowed. In *Powers* v. *Manhattan R. Co.* (120 N. Y. 178, 182) the court said: " To justify an award of exemplary damages the evidence must show on the defendant's part malice, or fraud or gross negligence. The act causing the damage must be wanton or malicious, or gross and outrageous, or there must appear a design to oppress and injure. The purpose of awarding such damages is to punish a wrongdoer and unless a wrong motive exists there is no basis for such award." At bar there is no evidence to justify a finding that the defendants or either of them was guilty of any malice, fraud or gross negligence. Negligence in defendants' failure properly to maintain the metal pipe there was, but there was no evidence of defendants' malicious or willful intent to injure plaintiff.

Judgment for plaintiff in the sum of $650. Exception to defendants. Ten days' stay.