JENNIE GRAU, Respondent, *v.* JOHN McNULTY & SONS HOLDING Co., INC., and Another, Appellants.*

Supreme Court, Appellate Term, First Department, January 6, 1939.

*Isidor G. Popik,* for the appellants.

*Archie M. Hertz,* for the respondent.

PER CURIAM. Although the erection of a metal smokestack in April, 1929, by the corporate defendant was a compliance with section 392, subdivision 9, paragraph (a), of the Building Code (N. Y. Code of Ord. chap. 5, art. 19) in force at the time, nevertheless, the duty devolved upon it to keep it in repair.

Five years after its erection the metal smokestack became rusted and dilapidated, and finally broke apart. The evidence shows

that the broken part extended from the chimney on the plaintiff's dwelling house across the three-foot space over the plaintiff's land to the east wall of the apartment house erected by the corporate defendant.

Although the ability to repair the broken part was always within the control of the plaintiff, nothing was done by her to repair or replace it, and damages are sought during the years 1935, 1936 and 1937, not for the cost of repair or the erection of a new smoke-stack in whole or in part, but for the extra cost of fuel and the expense of painting the woodwork and ceilings of her dwelling house necessitated as alleged by the smoke and soot caused by the back draft of the furnace in her house.

The judgment awarding damages testified to by plaintiff's witnesses is erroneous, since such damages were inadequately established and did not flow reasonably and naturally from the broken smokestack.

Judgment reversed, with costs, and judgment directed for the defendants, with costs. Appeal from order denying defendants' motion for judgment on the pleadings dismissed.

All concur. Present — HAMMER, FRANKENTHALER and NOONAN, JJ.