Edward K. Pincus, J.
On December 4, 1968, Inspector Genovese, of the New York City Buildings Department, reinspected a violation previously placed on two buildings known as 1182-84 and 1186 Broadway in New York County.
The inspection revealed that the metal chimney and the ventilation duct running from the roof of 1186 Broadway, the smaller building, to 1182-84 Broadway, the taller building, were defective, broken, corroded, rusty and in a hazardous condition.
1186 Broadway was constructed in 1887 and is 12 stories in height. 1182-84 Broadway is 16 stories in height and was constructed in 1907. The former building is owned by defendant Spitzer and the latter building by the defendant Siegal.
The question presented to the court is 1 ‘ Who is responsible for the care and maintenance of this equipment? ”
Section C26-570.0 of the Administrative Code of the City of New York, adopted in 1939, places the burden for the construction of the chimney and ventilation duct and/or addition thereto upon the owner of the taller building. The predecessor statute was previously enacted in 1910 and known as article 19 of section 393 of chapter 5. In Grau v. McNulty & Sons Hold *922 ing Co. (170 Misc. 1) the court held that the party: constructing the chimney and ventilation duct and/or the addition théreto has the burden of maintaining said chimney and ducts.
When the shorter building was constructed there was no need for the chimney and ventilation ducts. The necessity arose when the taller building was constructed. Moreover, it was for the benefit of the latter building.
The defendant Siegal now argues that this section was enacted after his building was constructed and, therefore, cannot be applied retroactively.
A law cannot be made retroactive when it infringes upon a person’s constitutional rights. However, there is no showing of such an infringement in this matter. In addition, it is conceded by both defendants that this is a presently existing hazardous condition. The presumption must be made that as the system was for the benefit of the taller building and that the law provides for the construction of this equipment by the taller building, it follows that the owner of the taller building actually erected the ventilation ducts and chimney. By the reasoning in Grau (supra) the owner of the taller building has the responsibility of maintaining this equipment. It is, therefore, the opinion of this court that the owner of 1182-84 Broadway, the defendant Siegal, is guilty of this violation and, the owner of 1186 Broadway, defendant Spitzer, is found not guilty.