◼ ELIZABETH LANGDON, Individually and as Administratrix of the Estate of JOSEPH LANGDON, Deceased, Appellant, v WEN MANAGEMENT COMPANY. et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Joy, J.), dated November 24, 1987, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On August 6, 1982, Joseph Langdon sustained severe head injuries as the result of a fall from a ladder he was descending into the boiler room of his workplace, an apartment complex known as Astoria Gardens. He died 17 days later from the injuries suffered in the fall.

The Workers' Compensation Board (hereinafter the Board), in a decision filed May 9, 1983, awarded the decedent's widow, the plaintiff, 1 week of disability benefits, 39 weeks of death benefits and funeral expenses. The Board's decision concluded that the defendant Elizabeth and Gregory Associates, the

property owner, was the decedent's employer. The award was expressly made without prejudice and subject to apportionment.

The plaintiff commenced the instant action against Elizabeth and Gregory Associates and WEN Management Company, as the parties which allegedly maintained, supervised and controlled the premises where the accident had occurred. The plaintiff's notice to admit contained, *inter alia,* statements that on the date of the accident, the decedent was an employee of the defendant WEN Management Company and an employee of the defendant Elizabeth and Gregory Associates (hereinafter Associates).

The defendants admitted that the decedent was an employee of Associates but denied that he was an employee of WEN Management Company. The plaintiff urged that the decedent's employer was WEN Management Company and requested that the Board review the issue of the identity of the decedent's employer. The Board concluded that that issue should be litigated and a hearing was conducted at which a Board Referee concluded that Associates was the decedent's employer. The insurance carrier for Associates was subsequently granted Board review of the Referee's determination. The Board subsequently determined that a "general/special" employment relationship existed between WEN Management Company and Associates on the date of the accident and therefore both entities were equally liable for the payment of benefits.

The defendants then moved pursuant to CPLR 3212 and Workers' Compensation Law §§ 11 and 29 (6) for summary judgment dismissing the complaint against them. The Supreme Court granted the motion, concluding, *inter alia,* that the determination of the Workers' Compensation Board as to the identity of the decedent's employer must be given collateral estoppal effect in the pending action. We agree.

It is well settled that collateral estoppel, or issue preclusion, may be invoked in a subsequent action to prevent a party from relitigating an issue decided against that party in a prior adjudication *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 500; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 70). In order to invoke the collateral estoppel doctrine it is required that (1) an issue in the present proceeding be identical to that necessarily decided in the prior proceeding, and (2) in the prior proceeding the party against whom preclusion is sought was afforded a full and fair opportunity to contest the issue *(see, Allied Chem. v Niagara Mohawk Power Corp.,* 72

NY2d 271, 276; *Ryan v New York Tel. Co., supra,* at 500-502). Further, the doctrine of collateral estoppel is "applicable to give conclusive effect to the quasi-judicial determinations of administrative agencies * * * when rendered pursuant to the adjudicatory authority of an agency to decide cases brought before its tribunal employing procedures substantially similar to those used in a court of law" *(Ryan v New York Tel. Co., supra,* at 499).

Collateral estoppel is an "elastic doctrine" and "the fundamental inquiry is whether relitigation should be permitted in a particular case in light of what are often competing policy considerations, including fairness to the parties, conservation of the resources of the court and the litigants, and the societal interests in consistent and accurate results" *(Staatsburg Water Co. v Staatsburg Fire Dist.,* 72 NY2d 147, 153).

We find, based upon our review of the record, that there is an identity of issue which was necessarily decided in the proceedings before the Board which is decisive in the present action. The question of who was the decedent's employer, albeit for the purposes of insurance carrier liability, was the issue necessarily resolved by the Board.

Further, the plaintiff had a full and fair opportunity to contest that issue. Contrary to the plaintiff's contentions, her involvement in the Board's proceedings was more than passive.

Therefore, we find that the doctrine of collateral estoppel applies and bars the plaintiff's cause of action against the defendants.

Finally we note that the Supreme Court properly permitted the defendants to withdraw their admission that the decedent was not an employee of WEN Management Company *(see,* CPLR 3123 [b]). Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.