(March 16, 2000)

■ DOMINGA BONDOC, Respondent, v STEVEN ZERVOUDIS et al., Respondents, and MONTEFIORE MEDICAL CENTER, Appellant. (And a Third-Party Action.) [704 NYS2d 74] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered April 5, 1999, which, *inter alia*, granted the motion by defendant Montefiore Medical Center for summary judgment dismissing the first cause of action in the complaint, but denied that motion with respect to the second, third and fourth causes of action as well as the cross claims of Montefiore's three co-defendants, unanimously modified, on the law, the motion granted with respect to the remaining causes of action and the cross claims against Montefiore, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant Montefiore Medical Center dismissing the complaint and all cross claims as against it.

Montefiore is the sole tenant of a five-story building constructed for it by co-defendant Galaxy General Contracting Corp. and currently owned by co-defendant 3316 Rochambeau Avenue Corp., as successor to co-defendant Zervoudis. The lease provided that Zervoudis would construct the building and obtain all necessary permits, but that all plans and modifications were to be approved by Montefiore. Once the building

was completed and certified by the owner for occupancy, the tenant would be obligated, under the lease, to make non-structural repairs, but not obligated to make any structural repairs.

The building was allegedly constructed in a negligent manner with regard to its proximity to plaintiff's neighboring two-story building. The second and third causes of action seek damages for personal injury and diminution to the value of plaintiff's property on the theory of nuisance, caused by noxious fumes from her own chimney being forced back into her residence. The fourth cause seeks injunctive relief. The construction contractor cross-claims for judgment over against Montefiore as well as the building owner and its predecessor, and the owner/predecessor similarly cross-claim against Montefiore and the contractor. The motion court granted Montefiore summary judgment with respect to the first cause of action, which alleged damage to plaintiff's property from falling objects during construction, but denied the balance of the motion on the ground that issues of fact existed as to Montefiore's "involvement * * * in the plans and specifications of the construction of the building".

The New York City Building Code, upon which plaintiff relies in her complaint, provides (Administrative Code of City of NY § 27-860) that whenever a building is to be constructed within 100 feet of another building, and will be taller than the top of the chimneys on that neighboring building, it is the responsibility of "the owner" of the new building to see that those nearby chimneys are brought into conformity with the height and location requirements in the Code.

Montefiore's motion for summary judgment with regard to the second, third and fourth causes of action was opposed on grounds that Montefiore had approved the building plans, suggested modifications from time to time during the construction phase, and sent representatives to visit the site throughout the construction phase. But Montefiore never exercised any supervision and control over the construction project. Furthermore, this is an area in which the Administrative Code has preempted the common law, making only "the owner" responsible for the consequences of such Code violations. Not only is Montefiore not the owner of this building, but it has virtually no authority to make the kind of structural alterations plaintiff calls for. Montefiore's limited involvement in the planning and construction phases of the building did not expand its area of responsibility to match that of the owner (see, Pacheco v South Bronx Mental Health Council, 179 AD2d 550, lv denied 80 NY2d 754; Bach v Emery Air Frgt. Corp., 128 AD2d 490).

The parties opposing Montefiore's summary judgment motion failed to bear their burden of establishing a question of fact as to Montefiore's role in creating the nuisance. Accordingly, Montefiore's motion should have been granted in its entirety, dismissing all causes of action and all cross claims against it. Concur—Sullivan, P. J., Tom, Mazzarelli, Wallach and Rubin, JJ.