■ JOSE RICARDO AGUAIZA et al., Respondents-Appellants, v VANTAGE PROPERTIES, LLC, et al., Appellants-Respondents, et al., Defendants. [893 NYS2d 19]—

Plaintiffs' allegations of unlawfully deceptive acts and practices under General Business Law § 349 presented only private disputes between landlords and tenants, and not consumer-oriented conduct aimed at the public at large, as required by the statute (*see City of New York v Smokes-Spirits.Com, Inc.*, 12 NY3d 616, 621 [2009]). Accordingly, this claim was properly dismissed and it is unnecessary to address the parties' other contentions with respect thereto.

The second cause of action alleged violation of Local Law No. 7 (2008) of City of New York, which protects residential tenants from harassment by building owners (Administrative Code of City of NY § 27-2005 [d]). This enactment created a new cause of action (*see* Administrative Code § 27-2115 [h]) to address a perceived effort by landlords to empty rent-regulated apartments by harassing tenants into giving up their occupancy rights, using such tactics as "commencing repeated baseless or frivolous court proceedings" against those tenants (Administrative Code § 27-2004 [a] [48] [d]). Although the statute is remedial in nature, it specifically provides that its terms are to take effect "immediately" (i.e., March 13, 2008, the date of its enactment) (Local Law No. 7 [2008] of City of NY § 7). No provision was made in the statute for retroactive application of its terms.

The motion court improperly applied the provisions of Local Law 7 retroactively with respect to the corporate defendants. As a matter of statutory interpretation, "[w]here a statute by its terms directs that it is to take effect immediately, it does not have any retroactive operation or effect" (McKinney's Cons Laws of NY, Book 1, Statutes § 51 [b], Comment, at 92; *State of New York v Daicel Chem. Indus., Ltd.*, 42 AD3d 301, 302 [2007]; *Morales v Gross*, 230 AD2d 7, 10 [1997]; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577 [1998]). Indeed, it has long been a primary rule of statutory construction that a new statute is to be applied prospectively, and will not be given retroactive construction unless an intention to make it so can be deduced from its wording. As Judge Cardozo put it, "It takes a clear expression of the legislative purpose to justify a retroactive application" (*Jacobus v Colgate*, 217 NY 235, 240 [1916]).

Although remedial statutes such as Local Law 7 generally constitute an exception to the general rule that statutes are not to be given retroactive construction, this exception is limited to the extent that any retroactive application must not impair vested rights (Statutes § 54 [a]; *Dorfman v Leidner*, 150 AD2d

935, 936 [1989], *affd* 76 NY2d 956 [1990]). Stated differently, "Every statute pertaining to a remedy is retroactive in that it operates upon all pending actions unless they are expressly excepted, but this does not apply to a statute whereby a new right is established even though it be remedial" (Statutes § 54 [a], Comment, at 109-110; *see Matter of Duell v Condon*, 84 NY2d 773, 783 [1995]). For example, a remedial statute is applied to procedural steps in pending actions, and is given retroactive effect only insofar as the statute provides for a change in the form of the remedy or a new remedy or cause of action for an existing wrong (*Shielcrawt v Moffett*, 294 NY 180, 188 [1945]).

Here, the wording of the statute is clear with respect to the timing of its effective date. "Immediately" is a term in statutory construction with a precise meaning. Moreover, as Local Law 7 specifically created a new right of action that did not exist prior to its enactment, it should be applied prospectively only (*see Matter of Hays v Ward*, 179 AD2d 427, 428-429 [1992], *lv denied* 80 NY2d 754 [1992]).

The matter must thus be remanded to determine which aspects of the second cause of action, if any, remain active under this analysis.

The motion court correctly noted that nothing in Local Law 7 prohibits "joint" claims by a group of tenants, as an alternative to pleading repeated wrongful conduct against an individual (*see* Administrative Code § 27-2120 [b]).

Plaintiffs' claimed need for discovery with respect to the individual defendants is unavailing in the absence of allegations that those defendants were de facto owners of the corporate landlord entities (*see Matias v Mondo Props. LLC*, 43 AD3d 367 [2007]) or participated in tortious conduct (*see Peguero v 601 Realty Corp.*, 58 AD3d 556, 559 [2009]). The Local Law 7 claims against them were properly dismissed.

Motion seeking leave to reargue and for other related relief denied. Concur—Andrias, J.P., Sweeny, Nardelli, Catterson and DeGrasse JJ. **[Prior Case History: 2009 NY Slip Op 31144(U).]**