■ 30 E. 33RD ST. REALTY LLC, Appellant, v PPF OFF TWO PARK AVENUE OWNER, LLC, Respondent. [963 NYS2d 106]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered April 3, 2012, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

In 1927, defendant's predecessor in interest built a taller building on property adjoining plaintiff's building. Defendant's predecessor in interest also extended plaintiff's chimney, in order to bring plaintiff's existing chimney into compliance with the height requirements of the then applicable Building Code. In 1968, the Building Code was amended and, for the first time, required the owner of a taller, later-built building, not only to extend the height of any chimneys in adjoining buildings to conform to Code requirements, but also to maintain and repair the chimney extensions. Accordingly, plaintiff alleges that defendant is responsible, pursuant to the 1968 Building Code of City of New York (Administrative Code of City of NY) § 27-860 (f) (4), to repair the chimney on its property. Plaintiff's arguments are unavailing.

It "has long been a primary rule of statutory construction that a new statute is to be applied prospectively, and will not be given retroactive construction unless an intention to make it so can be deduced from its wording" (*Aguaiza v Vantage Props.,*

*LLC*, 69 AD3d 422, 423 [1st Dept 2010]). Here, Administrative Code § 27-860 does not contain any language indicating an intent that it be given retroactive effect. Further, there is no common-law duty to maintain or repair a chimney extension constructed under any of the New York City Building Codes. Indeed, an owner's "responsibility to alter the chimneys of [adjoining properties] to conform to height requirements (§ 27-860 [a]), and to maintain and repair them (§ 27-860 [f] [4]), is clearly imposed by statute and did not exist at common law" (*Mindel v Phoenix Owners Corp.*, 17 AD3d 227, 228 [1st Dept 2005]; *see also Bondoc v Zervoudis*, 270 AD2d 105, 106 [1st Dept 2000]). The two older cases relied on by plaintiff are neither controlling nor persuasive (*see People v Siegal*, 62 Misc 2d 921 [Crim Ct, NY County 1970]; *Grau v McNulty & Sons Holding Co., Inc.*, 170 Misc 1 [App Term, 1st Dept 1939], *revg* 168 Misc 165 [NY City Ct 1938]).

Given the foregoing determination, we need not reach the parties' arguments regarding the statute of limitations. Concur—Andrias, J.P., Moskowitz, Freedman, Manzanet-Daniels and Feinman, JJ.