# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 5
Daniel Collazo, et al.,
     Appellants,
    v.
Netherland Property Assets LLC et al.,
     Respondents.

Ronald S. Languedoc, for appellants.
Adrienne B. Koch, for respondents.
Legal Services NYC et al.; Rent Stabilization Association of NYC, Inc., et al.; Brooklyn Bar Association Volunteer Lawyers Project, et al.; New York State Division of Housing and Community Renewal et al.; and Lawrence Chaifetz, et al., amici curiae.

MEMORANDUM:

The order of the Appellate Division should be modified, without costs, in accordance with this memorandum and as so modified affirmed.

- 1 -

Plaintiffs are 30 current or former tenants of 18 apartments in a building currently owned and operated by defendants.  The building is subject to the Rent Stabilization Law. From 1990-2016, defendants and their predecessors received J-51 tax benefits pursuant to Administrative Code of City of NY § 11–24.  Nevertheless, 15 of the apartments at issue were registered as permanently exempt, high rent vacancies—i.e., were deregulated— during that time period (see Rent Stabilization Law of 1969 [Administrative Code of City of NY] former § 26–504.2 [a]).  Following guidance issued by the New York State Division of Housing and Community Renewal (DHCR) in 2016, defendants reregistered the 15 apartments as rent stabilized.

Plaintiffs commenced this action in 2016, seeking a declaration that their apartments are subject to rent stabilization laws, and recovery for overcharges, treble damages and attorney's fees, as well as damages pursuant to General Business Law § 349.  Plaintiffs averred that, following the issuance of this Court's decision in Roberts v Tishman Speyer Props., L.P. (13 NY3d 270 [2009]), defendants knew, or reasonably should have known, that high rent vacancy deregulation was not available with respect to apartments in buildings for which a landlord was receiving J-51 benefits.  Plaintiffs also alleged that defendants violated General Business Law § 349 by engaging in deceptive, consumer-oriented acts—namely, representing to the public at large that the apartments in question were exempt from rent regulation.

In lieu of answering, defendants moved to dismiss the complaint.  They sought dismissal of the General Business Law cause of action for failure to state a claim upon which relief could be granted, and dismissal of the remaining claims on the ground that

DHCR had primary jurisdiction over those claims and they should be reviewed in that forum. Supreme Court granted defendants' motion, and the Appellate Division affirmed (155 AD3d 538 [1st Dept 2017]). This Court thereafter granted plaintiffs leave to appeal (31 NY3d 910 [2018]).

Initially, we reject defendants' arguments regarding the inapplicability to the primary jurisdiction issue raised on this appeal of the provisions of the Housing Stability and Tenant Protection Act of 2019 (HSTPA), that relate to the enforcement of certain claims and state that "[t]he courts and [DHCR] shall have concurrent jurisdiction, subject to the tenant's choice of forum" (L 2019, ch 36, Part F, §§ 1, 3). Here, plaintiffs' choice of forum controls and these claims should be adjudicated in Supreme Court.

Turning to plaintiff's General Business Law claim, section 349 prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state" (General Business Law § 349 [a]). We have held that this statute "cannot fairly be understood to mean that everyone who acts unlawfully, and does not admit the transgression, is being 'deceptive'" within the meaning of section 349 (Schlessinger v Valspar Corp., 21 NY3d 166, 172 [2013]). For purposes of this appeal, we assume without deciding that a claim may lie under General Business Law § 349 based upon a landlord's alleged misrepresentation to the public that an apartment was exempt from rent regulation following deregulation in violation of the Rent Stabilization Law. Here, however, plaintiffs alleged only that defendants failed to admit that they violated the Rent Stabilization Law in deregulating plaintiffs' apartments—three of which were, in fact, never deregulated—rather than any affirmative conduct that would tend to deceive

consumers.  Inasmuch as plaintiffs failed to allege more than "bare legal conclusions" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141 [2017] [internal quotation marks and citation omitted]) regarding the existence of consumer-oriented, deceptive acts (see generally Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 24–25 [1995]), their General Business Law claim was properly dismissed.

Collazo v Netherland Property Assets LLC
No. 5

RIVERA, J. (dissenting in part):

I agree with the majority that under the Housing Stability and Tenant Protection Act of 2019 (L 2019, ch 36, Part F, §§ 1, 3), which applies here, "plaintiffs' choice of forum controls," meaning their claims must be adjudicated in Supreme Court (majority op at 3). However, I part ways with the majority's consideration of plaintiffs' claim under section 349 of the General Business Law ("GBL").

- 1 -

To state a claim under GBL § 349 a plaintiff must allege that the defendant engaged in consumer-oriented conduct that is materially misleading and that caused the plaintiff to suffer injury (City of New York v Smokes-Spirits.Com, Inc., 12 NY3d 616, 621 [2009]). The courts below dismissed plaintiffs' complaint based on their erroneous understanding that conduct between a landlord and tenant is inherently "private" rather than consumer-oriented in nature (2017 NY Slip Op 31709[U], *3 [Sup Ct, NY County 2017], affd 155 AD3d 538 [1st Dept 2017], citing Aguaiza v Vantage Props., LLC, 69 AD3d 422, 423 [1st Dept 2010]). We have never endorsed such a per se rule—as to the real estate industry or any other. Indeed, the blanket approach espoused below is contrary to GBL § 349 and not supported by our caselaw.

In the landlord-tenant context, as elsewhere, a party may assert a claim under GBL § 349 based upon a landlord's alleged consumer-oriented misrepresentations. As we confirmed in Schlessinger v Valspar Corp. (21 NY3d 166 [2013]), GBL § 349 does not apply to every improper action, but only to "conduct that tends to deceive consumers" (id. at 172). In a proper case, nothing prevents a plaintiff from asserting a claim based on a misrepresentation that an apartment was exempt from rent regulation following deregulation in violation of the Rent Stabilization Law: section 349 contemplates that a cause of action under that section may overlap with other statutory prohibitions and remedies (see GBL § 349 [g] ["This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state"]; Riordan v Nationwide Mut. Fire Ins. Co., 977 F2d 47, 52 [2d Cir 1992]).

I see no need to go further. In my view, whether plaintiffs' complaint alleges consumer-oriented deception within the scope of GBL § 349 under our established liberal pleading standards should be decided by Supreme Court in the first instance (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; cf. Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals, 5 NY3d 452, 461-462 [2005]).

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

Order modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed. Chief Judge DiFiore and Judges Stein, Fahey, Garcia, Wilson and Feinman concur. Judge Rivera dissents in part in an opinion.