Garcia v Monadnock Constr., Inc. (2025 NY Slip Op 00154)

Garcia v Monadnock Constr., Inc.

2025 NY Slip Op 00154

Decided on January 09, 2025

Appellate Division, First Department

MOULTON, J. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick
Peter H. Moulton Tanya R. Kennedy David Friedman Barbara R. Kapnick

Index No. 30979/20 Appeal No. 3136 Case No. 2023-03652 

[*1]Waldy Quinones Garcia, Plaintiff-Appellant,
v
Monadnock Construction, Inc. et al., Defendant-Respondent.

Plaintiff appeals from an order of the Supreme Court, Bronx County (Wilma Guzman, J.), entered July 19, 2023, which granted defendants' motion for leave to amend their answer to assert the affirmative defense of collateral estoppel and, upon amendment, for partial summary judgment dismissing plaintiff's claims of injury to his cervical and lumbar spine.

William Schwitzer & Associates, P.C., New York (Travis K. Wong of counsel), for appellant.
Fabiani Cohen & Hall, LLP, New York (Kevin B. Pollack of counsel), for respondent.
MOULTON, J.
This appeal concerns whether the Justice for Injured Workers Act (L 2022, ch 835) (JIWA) applies retroactively. For the reasons explained below, we hold that it does.
Plaintiff alleges that he sustained neck and back injuries in a construction site accident that occurred on August 6, 2020. He commenced this action on September 28, 2020, and separately applied for workers' compensation benefits. In a decision filed October 19, 2021, a three-judge panel of the Workers' Compensation Board held that plaintiff's claimed injuries were not causally related to his accident. By notice dated October 22, 2022, defendants moved, in effect, for summary judgment dismissing plaintiff's neck and back claims, based on the Workers' Compensation Board's decision to which, they argued, the court should give collateral estoppel effect.
On December 30, 2022, JIWA took effect. This law created Workers' Compensation Law §§�11(2) and 118-a, which, with an exception not relevant here, bars courts from giving collateral estoppel effect to findings and decisions by workers' compensation law judges and the Workers' Compensation Board. Specifically, § 118-a provides that:
"With respect to an action for a workers' compensation claim permissible under this chapter, no finding or decision by the workers' compensation board, judge or other arbiter shall be given collateral estoppel effect in any other action or proceeding arising out of the same occurrence, other than the determination of the existence of an employer employee relationship."
(Worker's Compensation Law § 118-a [emphasis added]). Section 11(2) similarly states that a "[d]etermination by the board shall not be given collateral estoppel effect in any other action or proceeding arising out of the same occurrence."
Plaintiff opposed defendants' motion, arguing that JIWA barred defendants' collateral estoppel defense. Plaintiff did not offer any argument concerning the retroactive application of statutes. Defendants replied that JIWA does not apply retroactively. Supreme Court agreed with defendants, granted their motion, and dismissed plaintiff's claims of injury to his cervical and lumbar spine.
Generally, "leave to�amend�a pleading should be�freely�granted�in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in�merit" (Davis v South Nassau Communities Hosp., 26 NY3d 563, 580 [2015]; CPLR 3025 [b]). Here, the viability of the proposed amendment depends on defendant's argument that JIWA is not retroactive.
We begin by noting that "generally, a statute is presumed to apply only prospectively" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 370 [2020]). There must be "a clear expression of the legislative purpose . . . to justify a retroactive application of a statute" (id. [internal quotation marks and citation omitted]). Absent an explicit statement or clear indication from the Legislature, four principal factors are used to determine whether a statute should be given retroactive effect: (1) whether the statute is remedial in nature (see McKinney's Cons Laws of NY, Book 1, Statutes §�35, Comment); (2) whether the Legislature conveyed a sense of urgency in enacting the statute; (3) whether the statute was designed to rewrite an unintended judicial interpretation; and (4) whether the enactment reaffirms the Legislature's judgment about what the law should be (see Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122 [2001]; see also e.g. Gottwald v Sebert, 40 NY3d 240, 258-260 [2023]; Regina, 35 NY3d at 370-374).
Each of these factors supports JIWA's retroactivity. JIWA's legislative sponsor explained that its purpose was to correct what the Legislature perceived to be an injustice to injured workers caused by Second Department precedent (see Langdon v WEN Mgt. Co. (147 AD2d 450 [2d Dept 1989]) and left unresolved by the Court of Appeals' decision in Auqui v Seven Thirty One Ltd. Partnership (22 NY3d 246 [2013]) (see Senate Mem in Support, Bill Jacket, L 2022, ch 835). Thus, JIWA was intended to return to what the Legislature perceived to have been the rule "for almost 80 years" — namely that courts, in third-party actions, would "reject[�] attempts by defendants to apply collateral estoppel" to decisions reached in the "swift[�]" and "cursory" workers' compensation context — and that workers would not be prevented "from exercising their constitutional right to a jury trial" (id.). Accordingly, the Legislature clearly intended JIWA to be remedial in nature, to correct an unintended judicial interpretation, and to reaffirm what the Legislature believed the law should be. The Legislature also conveyed a sense of urgency when it provided that JIWA would take effect immediately upon its enactment (L 2022, ch 835, §�4; see Becker v Huss Co., 43 NY2d 527, 541 [1978]).
Defendants' reliance on our decision in Aguaiza v Vantage Props., LLC (69 AD3d 422 [1st Dept 2010]) is misplaced. There, we held that "Local Law No. 7 (2008) of City of New York, which protects residential tenants from harassment by building owners[,] .�.�. created a new cause of action," and, therefore, did not apply retroactively, even though it was intended to be remedial in nature (Aguaiza, 69 AD3d at 423). Like JIWA, Local Law 7 also provided for its immediate effect upon its enactment, but it was Local Law 7's creation of a new right that militated against its retroactive application (see id. at 424 ["Every statute pertaining to a remedy is retroactive in that it operates upon all pending actions unless they are expressly excepted, but this does not apply to a statute whereby a new right is established even though it be remedial" [internal quotation marks omitted]).
Because we conclude that JIWA applies retroactively, defendants' proposed amendment to their answer to assert the affirmative defense of collateral estoppel was palpably insufficient and devoid of merit, and their motion should have been denied in its entirety.
Accordingly, the order of the Supreme Court, Bronx County (Wilma Guzman, J.), entered July 19, 2023, which granted defendants' motion for leave to amend their answer to assert the affirmative defense of collateral estoppel and, upon amendment, for partial summary judgment dismissing plaintiff's claims of injury to his cervical and lumbar spine, should be reversed, on the law, without costs, and the motion denied.

MOULTON, J. 

This appeal concerns whether the Justice for Injured Workers Act (L 2022, ch 835) (JIWA) applies retroactively. For the reasons explained below, we hold that it does.
Plaintiff alleges that he sustained neck and back injuries in a construction site accident that occurred on August 6, 2020. He commenced this action on September 28, 2020, and separately applied for workers' compensation benefits. In a decision filed October 19, 2021, a three-judge panel of the Workers' Compensation Board held that plaintiff's claimed injuries were not causally related to his accident. By notice dated October 22, 2022, defendants moved, in effect, for summary judgment dismissing plaintiff's neck and back claims, based on the Workers' Compensation Board's decision to which, they argued, the court should give collateral estoppel effect.
On December 30, 2022, JIWA took effect. This law created Workers' Compensation Law §§ 11(2) and 118-a, which, with an exception not relevant here, bars courts from giving collateral estoppel effect to findings and decisions by workers' compensation law judges and the Workers' Compensation Board. Specifically, § 118-a provides that:
"With respect to an action for a workers' compensation claim permissible under this chapter, no finding or decision by the workers' compensation board, judge or other arbiter shall be given collateral estoppel effect in any other action or proceeding arising out of the same occurrence, other than the determination of the existence of an employer employee relationship."
(Worker's Compensation Law § 118-a [emphasis added]). Section 11(2) similarly states that a "[d]etermination by the board shall not be given collateral estoppel effect in any other action or proceeding arising out of the same occurrence."
Plaintiff opposed defendants' motion, arguing that JIWA barred defendants' collateral estoppel defense. Plaintiff did not offer any argument concerning the retroactive application of statutes. Defendants replied that JIWA does not apply retroactively. Supreme Court agreed with defendants, granted their motion, and dismissed plaintiff's claims of injury to his cervical and lumbar spine.
Generally, "leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit" (Davis v South Nassau Communities Hosp., 26 NY3d 563, 580 [2015]; CPLR 3025 [b]). Here, the viability of the proposed [*2]amendment depends on defendant's argument that JIWA is not retroactive.[FN1]
We begin by noting that "generally, a statute is presumed to apply only prospectively" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 370 [2020]). There must be "a clear expression of the legislative purpose . . . to justify a retroactive application of a statute" (id. [internal quotation marks and citation omitted]). Absent an explicit statement or clear indication from the Legislature, four principal factors are used to determine whether a statute should be given retroactive effect: (1) whether the statute is remedial in nature (see McKinney's Cons Laws of NY, Book 1, Statutes § 35, Comment); (2) whether the Legislature conveyed a sense of urgency in enacting the statute; (3) whether the statute was designed to rewrite an unintended judicial interpretation; and (4) whether the enactment reaffirms the Legislature's judgment about what the law should be (see Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122 [2001]; see also e.g. Gottwald v Sebert, 40 NY3d 240, 258-260 [2023]; Regina, 35 NY3d at 370-374).
Each of these factors supports JIWA's retroactivity. JIWA's legislative sponsor explained that its purpose was to correct what the Legislature perceived to be an injustice to injured workers caused by Second Department precedent (see Langdon v WEN Mgt. Co. (147 AD2d 450 [2d Dept 1989]) and left unresolved by the Court of Appeals' decision in Auqui v Seven Thirty One Ltd. Partnership (22 NY3d 246 [2013]) (see Senate Mem in Support, Bill Jacket, L 2022, ch 835). Thus, JIWA was intended to return to what the Legislature perceived to have been the rule "for almost 80 years" — namely that courts, in third-party actions, would "reject[ ] attempts by defendants to apply collateral estoppel" to decisions reached in the "swift[ ]" and "cursory" workers' compensation context — and that workers would not be prevented "from exercising their constitutional right to a jury trial" (id.). Accordingly, the Legislature clearly intended JIWA to be remedial in nature, to correct an unintended judicial interpretation, and to reaffirm what the Legislature believed the law should be. The Legislature also conveyed a sense of urgency when it provided that JIWA would take effect immediately upon its enactment (L 2022, ch 835, § 4; see Becker v Huss Co., 43 NY2d 527, 541 [1978]).
Defendants' reliance on our decision in Aguaiza v Vantage Props., LLC (69 AD3d 422 [1st Dept 2010]) is misplaced. There, we held that "Local Law No. 7 (2008) of City of New York, which protects residential tenants from harassment by building owners[,] . . . created a new cause of action," and, therefore, did not apply retroactively, even though it was intended to be remedial in nature (Aguaiza, 69 AD3d at 423). Like JIWA, Local Law 7 also provided for its immediate effect upon its enactment, but it was Local Law 7's creation of a new right that militated against its [*3]retroactive application (see id. at 424 ["Every statute pertaining to a remedy is retroactive in that it operates upon all pending actions unless they are expressly excepted, but this does not apply to a statute whereby a new right is established even though it be remedial" [internal quotation marks omitted]).
Because we conclude that JIWA applies retroactively, defendants' proposed amendment to their answer to assert the affirmative defense of collateral estoppel was palpably insufficient and devoid of merit, and their motion should have been denied in its entirety.
Accordingly, the order of the Supreme Court, Bronx County (Wilma Guzman, J.), entered July 19, 2023, which granted defendants' motion for leave to amend their answer to assert the affirmative defense of collateral estoppel and, upon amendment, for partial summary judgment dismissing plaintiff's claims of injury to his cervical and lumbar spine, should be reversed, on the law, without costs, and the motion denied.
Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered July 19, 2023,
reversed, on the law, without costs, and the motion denied.
Opinion by Moulton, J. All concur.
Renwick, P.J., Moulton, Kennedy, Friedman, Kapnick, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025

Footnotes

Footnote 1: While defendants assert that plaintiff did not argue below that JIWA is remedial in nature and therefore should apply retroactively, we reach the issue because it is one of law that can be decided on this record (see e.g. Oliver 889 LLC v 889 Realty Inc., 212 AD3d 531, 532 [1st Dept 2023], lv dismissed 40 NY3d 969 [2023]; see generally Chateau D' If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]).