| |
|---|
| **Sinelnikova v Museum of Sex LLC** |
| 2025 NY Slip Op 30735(U) |
| March 4, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151018/2024 |
| Judge: Richard G. Latin |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. RICHARD G. LATIN** | PART **46M** |
| *Justice* | |

-------------------------------------------------------------------------------X

JULIA SINELNIKOVA

          Plaintiff,

       - v -

THE MUSEUM OF SEX LLC,

         Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151018/2024 |
| MOTION DATE | 09/18/2024, 09/18/2024 |
| MOTION SEQ. NO. | 001 002 |

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 27, 28, 29, 30, 31, 32, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46

were read on this motion to/for      PARTIAL SUMMARY JUDGMENT    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 21, 22, 23, 24, 25, 26, 33, 34

were read on this motion to/for      AMEND CAPTION/PLEADINGS    .

As a preliminary matter, that aspect of plaintiff's motion seeking an injunction as alternative relief was consented to by defendant who agreed to no longer use the subject photograph.

Motion sequence numbers 001 and 002 are consolidated for disposition.

Upon the foregoing documents, the motion by plaintiff Julia Sinelnikova for partial summary judgment is denied. The motion by defendant The Museum of Sex LLC for leave to serve an amended answer is granted, and the amended answer is deemed served (mot. seq. 002).

## BACKGROUND

In this action seeking injunctive relief and to recover compensatory and exemplary damages, plaintiff alleges that defendant used a recognizable photo of her for the purposes of advertising and promoting defendant's New York City museum without plaintiff's written consent in violation of New York Civil Rights Law §§ 50 and 51. In the complaint, plaintiff alleges that in September 2019, she voluntarily participated in a photoshoot at defendant's premises, during which a photographer took of photo of plaintiff kissing an individual with whom she was in a romantic relationship with at the time. Plaintiff alleges that while she never consented to defendant

**151018/2024 SINELNIKOVA, JULIA vs. THE MUSEUM OF SEX LLC**
**Motion No. 001 002**

Page 1 of 7

1 of 7

[* 1]

using the photo for commercial or advertising purposes, in 2019 defendant began using the photo to advertise its museum by displaying it in, among other places, inside and outside of the museum, on ticket sale platforms, and in advertisements shown on LED sidewalk displays in New York City. Plaintiff further alleges that in 2023, defendant began using the photo in a subway advertising campaign.

Plaintiff contends that she was never paid for the photoshoot or for the use of the photo. Upon learning about the advertisements, plaintiff contacted defendant to request payment. After failing to come to an agreement, plaintiff demanded that defendant refrain from using the photo. Plaintiff alleges that despite her demands to stop, defendant continued using the photo to advertise its business, including on public transit and, as recently as 2024, in a new advertising and promotional campaign.

Defendant filed an answer to the complaint wherein it admitted that it used the subject photo to advertise its business without plaintiff's written consent and that it never paid plaintiff for the photoshoot or for use of the photo. Defendant's answer included three affirmative defenses: (1) failure to state a cause of action; (2) laches, waiver, and ratification; and (3) plaintiff cannot succeed on a claim under Civil Rights Law §§ 50 and 51 because she is not recognizable from the photo in question.

Plaintiff now moves, pursuant to CPLR 3212, for partial summary judgment on liability on the complaint. Defendant opposes the motion and moves, pursuant to CPLR 3025, for leave to serve an amended answer to include the statute of limitations as a defense.

## DISCUSSION

### Defendant's Motion to Amend the Answer to Include the Statute of Limitations as a Defense

CPLR 3211(e) provides that a defense based upon the statute of limitations "is waived unless raised either by [pre-answer motion to dismiss] or in the responsive pleading" (CPLR 3211 [e]; *see Matter of Part 60 RMBS Put-Back Litig*., 195 AD3d 40, 49 [1st Dept 2021]). Where, however, a defendant adds the defense to an amended answer within the time frame for amendments as of right under CPLR 3025(a), or to an answer amended by leave of court under CPLR 3025(b), its omission from the original answer does not constitute a waiver (*see McCaskey,*

**151018/2024   SINELNIKOVA, JULIA vs. THE MUSEUM OF SEX LLC**
**Motion No.  001 002**

**Page 2 of 7**

2 of 7

*Davies & Assoc. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757 [1983]; *Armstrong v Peat, Marwick, Mitchell & Co.,* 150 AD2d 189, 190 [1st Dept 1989]).

CPLR 3025(a) permits a party to amend a "pleading once without leave of court within twenty days after its service, or at any time before the period for responding to it expires, or within twenty days after service of a pleading responding to it." Here, defendant did not file the amended answer within twenty days of the original answer and, therefore, cannot amend the answer as of right. Accordingly, defendant seeks leave to file the amended answer pursuant to CPLR 3025(b), which provides that a party may amend a pleading "at any time by leave of court." "Generally, leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit" (*Garcia v Monadnock Constr. Inc.,*__AD3d__ , 2025 NY Slip Op 00154 [*3] [1st Dept 2025][internal quotation marks and citations omitted]). "Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side" (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983] [quotation marks and citation omitted]).

"The burden of establishing prejudice is on the party opposing the amendment" (*Kimso Apts., LLC v Gandhi,* 24 NY3d 403, 411 [2014]). In order to establish prejudice, the opposing party must demonstrate that it "has been hindered in the preparation of [its] case or has been prevented from taking some measure in support of [its] position" (*id.* [internal quotation marks and citations omitted]). On a motion for leave to amend, "[t]he legal sufficiency or merits of a proposed amendment . . . will not be examined unless the insufficiency or lack of merit is clear and free from doubt" (*Ferrer v Go N.Y. Tours Inc.*, 221 AD3d 499, 500 [1st Dept 2023] [quotation marks and citation omitted]).

Here, the issue is whether defendant should be granted leave to add the statute of limitations as a defense. Pursuant to CPLR 215(3), an action asserting a violation of Civil Rights Law § 51 must be brought in one year. The "single publication rule," which provides that the cause of action "accrues on the date the offending material is first published," applies to claims brought under Civil Rights Law §§ 50 and 51 (*Nussenzweig v diCorcia*, 9 NY3d 184, 188 [2007]). Under certain circumstances, republication may be an exception to the single publication rule (*see Firth v State of New York,* 98 NY2d 365, 371 [2002]; *Martin v Daily News L.P.*, 121 AD3d 90, 103-104 [1st Dept 2014]). However, here, given that the complaint alleges that defendant began using the photo for advertisement in 2019, and plaintiff did not commence this action until 2024, the statute of

151018/2024 SINELNIKOVA, JULIA vs. THE MUSEUM OF SEX LLC
Motion No. 001 002

Page 3 of 7

3 of 7

limitations defense is neither palpably insufficient nor patently lacking in merit with respect to, at least, some of plaintiff's claims.

Further, plaintiff does not demonstrate the existence of any surprise or prejudice that would result from the amendment. Plaintiff argues that she will suffer prejudice if defendant's motion is granted because she prepared her motion for partial summary judgment without any knowledge that defendant would raise the statute of limitations as a defense. However, defendant raised the issue of the statute of limitations in opposition to plaintiff's motion (*see* Defendants' Brief in Opp, at 12 n1, NYSCEF Doc No 32 [stating that the statute of limitations is partial defense and, in effect, incorporating by reference the papers submitted by defendant in support of its motion for leave to amend]), and for the reasons discussed below, plaintiff's motion would nevertheless have been denied irrespective of the statute of limitations being raised as a defense. In addition, there has been virtually no discovery in this case.

Finally, the less than 3-month delay between the time defendant filed the original answer on March 16, 2024 and the time it moved for leave to amend on June 2, 2024, is not extensive. Therefore, contrary to plaintiff's contention, defendant need not establish a reasonable excuse for its delay (*see Johnson v Montefiore Med. Ctr.,* 203 AD3d 462, 463 [1st Dept 2022]["because there was no extended delay by defendants in moving to amend, they did not need to proffer a reasonable excuse for the delay"]; *cf. Pecora v Pecora*, 204 AD3d 611, 612-613 [1st Dept 2022] [where plaintiff moved to amend complaint to add cause of action almost 7 years after commencing the action, court held that plaintiff needed to "establish a reasonable excuse for their delay in moving to amend the complaint, as there was an extended period between the date they became aware of the cause of action and the date of their motion"]). Thus, defendant's motion is granted, and the proposed amended answer is deemed served.

### Plaintiff's Motion for Partial Summary Judgment

Turning to plaintiff's motion for partial summary judgment as to liability on her complaint, it is well settled that on a motion for summary judgment, "the facts must be viewed in the light most favorable to the non-moving party and every available inference must be drawn in the [non-moving party's] favor" (*Matter of Eighth Jud. Dist. Asbestos Litig.*, 33 NY3d 488, 496 [2019] [internal quotation marks and citations omitted]). "[T]he proponent of [the] motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Matter of New York City Asbestos Litig.*,

**151018/2024  SINELNIKOVA, JULIA vs. THE MUSEUM OF SEX LLC**
**Motion No.  001 002**

**Page 4 of 7**

33 NY3d 20, 25-26 [2019] [internal quotation marks and citation omitted]).  Where the moving party makes such a showing, "the burden then shifts to the non-moving party to establish the existence of material issues of fact which require a trial" (*Matter of Eighth Jud. Dist. Asbestos Litig.*, 33 NY3d at 496 [internal quotation marks and citations omitted]). "Summary judgment should not be granted where there is any doubt as to the existence of a factual issue or where the existence of a factual issue is arguable" (*Matter of New York City Asbestos Litig.*, 33 NY3d at 25 [quotation marks and citations omitted]).

Plaintiff's complaint seeks injunctive and monetary relief for violations of New York Civil Rights Law §§ 50 and 51. In the State of New York, "the right to privacy is governed exclusively by sections 50 and 51 of the Civil Rights Law" (*Howell v New York Post Co.*, 81 NY2d 115, 123 [1993]). As is relevant here, § 50 provides that using a person's picture for advertising or trade purposes without first obtaining "the written consent of such person" constitutes a misdemeanor. Section 51 gives any person whose picture "is used within this state for advertising purposes or for the purposes of trade without . . . written consent first obtained," the right to seek an injunction and to also bring a cause of action to obtain compensatory and exemplary damages.

In order "[t]o prevail on a . . . claim pursuant to [Civil Rights Law § 51], a plaintiff must prove: (1) use of plaintiff's name, portrait, picture or voice[1] (2) for advertising purposes or for the purposes of trade (3) without consent and (4) within the state of New York" (*Lohan v Take-Two Interactive Software, Inc.*, 31 NY3d 111, 120 [2018] [quotation marks and citation omitted]; *see also Molina v Phoenix Sound*, 297 AD2d 595, 597 [1st Dept 2002]).  Additionally, the Court of Appeals has held that since "[t]he statute is designed to protect a person's identity, not merely a property interest in his or her 'name', 'portrait' or 'picture', . . . it implicitly requires that plaintiff be capable of identification from the objectionable material itself" (*Cohen v Herbal Concepts*, 63 NY2d 379, 384 [1984] ["Manifestly, there can be no appropriation of plaintiff's identity for commercial purposes if he or she is not recognizable from the picture"]). Whether a photo presents a recognizable likeness to the plaintiff "is generally a jury question" (*id.*).

Here, plaintiff established as a matter of law that defendant used her photo for advertisement in the State of New York without first obtaining her written consent. Defendant

---

[1] The Legislature amended Civil Rights Law §§ 50 and 51 in 2024 to, among other things, include the use of an individual's "likeness" (L 2024, ch 58, pt MM, subpt. A, eff April 20, 2024).  Prior to the amendment, the statute only mentioned use of a person's name, portrait, picture, or voice.

**151018/2024   SINELNIKOVA, JULIA vs. THE MUSEUM OF SEX LLC**                              **Page 5 of 7**
**Motion No.  001 002**

5 of 7

[* 5]

admits in its original answer and proposed amended answer that it "used Plaintiff's image to advertise its business within the State of New York absent written consent" (Complaint, Answer, and Proposed Amended Answer at ¶ 44).

In opposition to plaintiff's motion, defendant challenges the element of prior written consent, arguing that plaintiff posted the same photo on her own social media account with a message indicating that it would be used in an ad campaign for defendant's museum on the New York City streets and subways, thereby consenting to defendant's use of the image for such purposes. At best, however, this could be construed as implied consent, which is only available as a partial defense in mitigation of damages (*see Caesar v Chemical Bank*, 66 NY2d 698, 701-702 [1985]["Neither oral nor implied consent is a complete defense to a privacy action under Civil Rights Law § 51. Written consent is explicitly required by the statute . . . and implied consent (is only) available as partial defense in mitigation of damages"][internal citations omitted]). Defendant's argument that plaintiff's claim is barred by the doctrine of laches also fails to raise an issue of fact because defendant has not shown any change of position prejudicial to it due to plaintiff's delay in instituting this action (*see Matter of Barabash*, 31 NY2d 76, 81-82 [1972]["The essential element of this equitable defense is delay prejudicial to the opposing party" which is "not spelled out by the mere lapse of time"]; *214 Lafayette House LLC v Akasa Holdings, LLC*, 227 AD3d 75, 82 [1st Dept 2024]["a mere lapse of time, without a showing of prejudice, will not sustain a defense of laches"][quotation marks and citation omitted]).

Turning to the issue of recognizability, however, plaintiff fails to establish her prima facie burden. Initially, the court notes that the photo at issue is processed in a hazy style and does not depict plaintiff facing forward, but rather the photo is taken of plaintiff in profile. The court also notes that in support of her motion, plaintiff submits screenshots of a text, social media message, and Facebook posting indicating that friends recognized her as the person depicted in the photo which they observed in a New York City subway ad promoting defendant's museum. However, plaintiff fails to properly authenticate the screenshots by stating that they fairly and accurately represent the subject matter depicted (*see* NYSCEF Doc No 7, ¶14; *see People v Rodriguez*, 38 NY3d 151, 154-155 [2022] [the proper foundation for screenshots of text messages and digital photos, "may be established through testimony that the photograph accurately represented the subject matter depicted"]; *Zatizabal v City of New York*, 232 AD3d 435, 435 [1st Dept 2024] [indicating that screenshot evidence must be authenticated in summary judgment context]; *People*

**151018/2024  SINELNIKOVA, JULIA vs. THE MUSEUM OF SEX LLC**          **Page 6 of 7**
**Motion No.  001 002**

6 of 7

*v Christie*, 224 AD3d 1097, 1101 [3d Dept 2024] [for "screenshots of text messages and similar digital photographs, the proper foundation may be established through testimony that the photograph accurately represented the subject matter depicted"]). As such, plaintiff failed to eliminate questions of fact concerning whether she is identifiable from the photo. Thus, plaintiff's motion for partial summary judgment is denied.

## CONCLUSION

Accordingly, it is hereby,

**ORDERED** that plaintiff's motion for partial summary judgment on the issue of liability is denied (mot. seq. 001); and it is further

**ORDERED** that defendant's motion seeking leave to amend its answer is granted, and the proposed amended pleading in the form annexed to the moving papers (NYSCEF Doc. No. 24) shall be deemed served upon service of a copy of this order with notice of entry thereof (mot. seq. 002); and it is further

**ORDERED** that plaintiff's alternative request for a preliminary injunction is granted on consent; and it is further

**ORDERED** that pending final resolution of this action, defendant, its agents, servants, employees and all other persons acting under the jurisdiction, supervision and/or direction of defendant, are enjoined and restrained from using the photo at issue in this action for any advertising or trade purposes; and it is further

**ORDERED** that the parties are directed to submit a proposed preliminary conference order to Part 46 via email on or before March 28, 2025, or let the Court know that a conference is necessary.

This constitutes the Decision and Order of the Court.

| **3/4/2025** | | | | |
|---|---|---|---|---|
| **DATE** | | | **RICHARD G. LATIN, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

151018/2024   SINELNIKOVA, JULIA vs. THE MUSEUM OF SEX LLC
Motion No.  001 002

Page 7 of 7